State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 54249547
Date: Sep 20 2013 10:33AM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DR. JAY BERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File |
| ) | No. 13EV016892C |
| DORN M. LAWRENCE, ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |
| ) | |

### FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiff Dr. Jay Berger (hereinafter "Plaintiff" or "Dr. Berger") and files his Complaint against Defendant Dorn M. Lawrence as follows:

### INTRODUCTION

1. This is a civil action asserting claims under State law arising from the wrongful arrest of Dr. Berger, and the use of excessive force, assault and battery, and abuse of a person in custody all of which resulted in Dr. Berger sustaining severe and lasting injuries. Dr. Berger demands a jury trial and seeks an award of compensatory and punitive damages, as well as an award of attorneys' fees and costs pursuant to O.C.G.A §13-6-11.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action for money damages arising from injuries proximately caused by the tortuous acts of the Defendant. GA. CONST. ART. VI, § 3, ¶I.

3. Venue is proper in this Court as the defendant resides in Fulton County, Georgia. GA. CONST. ART. VI, § 2, ¶¶ III, IV & VI.

### PARTIES

1

4. Dr. Jay Berger is a citizen of the State of Georgia residing in Fulton County, Georgia.

5. Dorn M. Lawrence is a resident of Fulton County, Georgia, and is subject to the personal jurisdiction of this Court.

6. At all times relevant to this action, Lawrence was a certified law enforcement officer employed by the City of Atlanta Police Department (hereinafter "APD").

## FACTUAL ALLEGATIONS

7. In the early morning hours of August 26, 2012, Dr. Berger was in the City of Atlanta alongside of Cheshire Bridge Road.

8. Dr. Berger was in the company of Ms. Shani Hise.

9. Dr. Berger and Ms. Hise had been together in a nightclub located on Cheshire Bridge Road for some period of time during the evening.

10. Mr. Lawrence was on duty and on patrol that evening, and was in the vicinity.

11. As Dr. Berger and Ms. Hise were alongside of Cheshire Bridge Road, Mr. Lawrence arrived at their location.

12. As of the time that Mr. Lawrence arrived, Dr. Berger was attempting to hail a cab.

13. Mr. Lawrence spoke to Dr. Berger and spoke to Ms. Hise.

14. Dr. Berger explained to Lawrence that Ms. Hise appeared to be passing in and out, and that she was not able to effectively respond to questions posed by the officer.

15. Mr. Lawrence answered to Dr. Berger that he was not "talking to you," to which Dr. Berger responded by again explaining that Ms. Hise was more or less passed out.

16. Lawrence finished his assessment of the situation involving Hise and Berger and started to leave the scene. According to Lawrence – as he was turning to leave, Dr. Berger yelled to Lawrence certain words, to the effect "you go fuck yourself."

17. Lawrence then walked to Berger and directed that he turn around and put his hands behind his back.

18. Dr. Berger cooperated with all instructions and directions on the part of Mr. Lawrence.

19. Nevertheless, Mr. Lawrence placed Dr. Berger under arrest, handcuffing Berger with wrist cuffs behind his back.

20. Dr. Berger took no action to resist Mr. Lawrence's actions.

21. Dr. Berger did not say anything to Lawrence to resist his actions.

22. As Mr. Lawrence was holding on to Dr. Berger, Lawrence struck Dr. Berger at his right knee.

23. Lawrence attacked Dr. Berger from behind, causing immediate excruciating pain and physical damage Dr. Berger's right knee.

24. After attacking Dr. Berger's right knee, Lawrence forced Berger to the ground.

25. Then Lawrence forced Dr. Berger to his car.

26. Dr. Berger informed Lawrence that he believed that the officer's attack had caused his ACL to tear.

27. Following his arrest by Lawrence, Dr. Berger was eventually transported in a police van to Grady Memorial Hospital.

28. At approximately 10:50 a.m. on the morning of August 26, 2012, Dr. Berger was released from custody at the Atlanta Pretrial Detention Center.

29. Dr. Berger was charged by citation with violation of two ordinances of the City of Atlanta, to-wit., Code of Ordinances 10-9(a)(3) and 106-81.7.

30. Sec. 10-9(a)(3) of the Atlanta Code of Ordinances makes it unlawful for "….any person within the corporate limits of the city to be disorderly while under the influence on the streets, sidewalks or other public places," and declares that "The following acts are declared to be in violation of this section: (3) Any person who, without provocation, uses to or of another, in such person's presence, fighting words, or who shall panhandle while under the influence of alcohol or drugs."

31. At no time did Dr. Berger employ words which constituted "fighting words."

32. Sec. 106-81 of the Atlanta Code of Ordinances declares, in pertinent part, that " It shall be unlawful for any person within the corporate limits of the city to engage in any conduct described in the following subsections; provided, however, that no person shall be convicted of any of the following sections upon a showing that the predominant intent of such conduct was to exercise a constitutional right to: (7) Interfere, by acts of physical obstruction, another's pursuit of a lawful occupation…".

33. At no time did Dr. Berger interfere by acts of physical obstruction any other persons' pursuit of their lawful occupation.

34. Dr. Berger did not physically obstruct Mr. Lawrence.

35. Following his release from custody, Dr. Berger consulted with Dr. Houston Payne. Dr. Payne ordered an MRI of Dr. Berger's knee.

36. The MRI revealed a large effusion, a tear of the ACL, and a medial collateral grade II sprain.

37. The charges against Dr. Berger were dismissed by the Municipal Court of the City of Atlanta.

38. After several months of waiting, and physical therapy, Dr. Berger underwent surgery in December of 2012.

39. As a result of the surgical procedure, it was learned that Dr. Berger was suffering from a complete Right knee anterior cruciate ligament tear, midsubstance with hemorrhage.

40. The surgery also revealed that he had suffered a Right knee medial meniscus tear, of a complex type, with displaced flaps, and that his Right knee suffered from medial femoral condyle chondral lesion, grade II to III.

41. As a result of the violent force of Lawrence's actions, Dr. Berger was required to receive Right knee arthroscopic anterior cruciate ligament reconstruction with quadrupled semitendinosus autograft and tape locking screws.

42. In addition, Dr. Berger required Right knee arthroscopic medial meniscectomy, subtotal, and debridement of medial femoral condyle chondromalacia.

43. As of the filing of this Complaint, Dr. Berger continues to suffer from the violent attack by Mr. Lawrence.

44. Dr. Berger continues to actively engage in physical therapy and physical training in an effort to regain as much of his overall bodily function as he can.

45. Dr. Berger will never regain the capacity of his right knee that he had prior to Lawrence's attack.

46. As a direct and proximate result of Lawrence's use of excessive force, Dr. Berger has incurred and will continue to incur medical and related expenses.

47. As a direct and proximate result of Lawrence's use of excessive force, Dr. Berger has suffered and will continue to suffer extreme and ongoing pain and limitation of movement and of physical and social activity.

48. As a direct and proximate result of Lawrence's use of excessive force, Dr. Berger has suffered emotionally.

49. As a direct and proximate result of Lawrence's arrest of Dr. Berger, Dr. Berger has suffered humiliation and embarrassment and other emotional harm.

## CAUSES OF ACTION

50. The actions of Mr. Lawrence constituted a violation of Dr. Berger's constitutional right to be free from abuse in being arrested in contravention of Ga. Const. 1983, Art. I, Sec. I, Para. XVII, which states that no person shall be abused in being arrested.

51. The actions of Mr. Lawrence constituted a violation of Dr. Berger's right as guaranteed by the Bill of Rights of the Georgia Constitution, at Ga. Const. Art. I, § I, Para. XIII, and of the Fourth Amendment to the United States' Constitution to be secure against unreasonable searches and seizures, and, in addition, constituted assault and battery.

52. The actions of Mr. Lawrence constituted false imprisonment in contravention of the laws and statutes of the State of Georgia and, furthermore, constituted an abridgment of Mr. Berger's right of freedom of speech as guaranteed by the Constitution of the State of Georgia and the Constitution of the United States.

53. The actions of Mr. Lawrence were done with such willfulness and indifference to the consequences thereof as to constitute bad faith as that term is used in O.C.G.A. 13-6-11.

For and upon the foregoing, Dr. Berger prays as follows:

a. That he be awarded compensatory, special and punitive damages according to proof;

b. That he be afforded a trial by jury as to all matters so triable;

c. That he be awarded the costs of this litigation, including reasonable attorney's fees;

d. That he be awarded such other and further relief as to this Court is deemed just and proper.

<u>S/ BRIAN SPEARS</u>
BRIAN SPEARS, Bar No. 670112
Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele:  (404) 872-7086
Fax:  (404) 892-1128
Email: <u>Bspears@mindspring.com</u>

## CERTIFICATE OF SERVICE

This will certify that on the date set out below, I caused to be served upon the following counsel using this Court's electronic File & Serve Xpress system which will automatically notify counsel of the filing by electronic mail:

Lashawn W. Terry
Sr. Assistant City Attorney
City of Atlanta Law Department
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303

Submitted this 20th day of September, 2013.

                                          S/ BRIAN SPEARS
                                          BRIAN SPEARS, Bar No. 670112
                                          Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128