State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 54288321
Date: Sep 26 2013 10:26AM
Cicely Barber, Clerk
Civil Division

Case 1:13-cv-03251-RLV   Document 7   Filed 10/02/13   Page 1 of 7

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DR. JAY BERGER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | Civil Action File |
| | } | No. 13EV016892C |
| v. | } | |
| | } | |
| DORN M. LAWRENCE, | } | |
| | } | |
| Defendant. | } | |
| _____ | } | |

# PLAINTIFF'S MOTION TO COMPEL
# DEFENDANT'S TESTIMONY AND FOR SANCTIONS

Comes now Dr. Jay Berger, Plaintiff herein, and Moves the Court for an Order by which Defendant Lawrence and his attorney will be required to proceed with Lawrence's deposition. The deposition was suspended, with the consent of his attorney. Defendant and his attorney now refuse altogether to appear for Lawrence's deposition.

## Introduction

This lawsuit arises from the arrest of Dr. Jay Berger on August 26, 2012. Dr. Berger was arrested and handcuffed after a verbal exchange with Officer Lawrence. After he was handcuffed behind his back, Dr. Berger was assaulted by Officer Lawrence and forced to the ground. The assault was so violent that it ripped Dr. Berger's ACL[1], causing immediate injury, requiring extensive surgery, and resulting in ongoing loss of

---

[1] Anterior cruciate ligament: A ligament in the knee that crosses from the underside of the femur (the thigh bone) to the top of the tibia (the bigger bone in the lower leg). Abbreviated "ACL". Injuries to the ACL can occur in a number of situations, including sports, and can be quite serious, requiring surgery.

1

mobility and disability. The charges against Dr. Berger for disorderly conduct were dismissed in the fall of 2012.

This is an excessive force case. Dr. Berger alleges that Lawrence's violent assault constituted an excessive use of force under Georgia law, and, among other things, a breach of Georgia law's prohibition on abuse of persons being arrested. Berger contends that the decision that Lawrence made to use a high level of physical force to get Berger to the ground was unreasonable, unnecessary and resulted in the use of excessive force. Responding by way of his Answer and in his statements to the Atlanta Police Department's Office of Professional Standards, Mr. Lawrence contends that the way that he handled Dr. Berger was reasonable, necessary and the safest way to get Dr. Berger to the ground.

Pertinent Procedural History

Plaintiff's Complaint was filed on or about March 13, 2013. Defendant Lawrence filed his Answer and Affirmative Defenses on or about April 26, 2013. Written discovery was conducted and a Notice of Deposition was issued for the deposition of Lawrence calling for his videotaped and stenographically reported deposition on July 17, 2013.

Lawrence's deposition commenced on July 17, 2013. During the initial portion of his deposition testimony, Mr. Lawrence acknowledged that he had received training in a wide range of police practices, including techniques for the control and subduing of persons being arrested and handcuffed. [See, attached as Exhibit 1 a copy of a listing of the techniques identified by Mr. Lawrence.] Those techniques constituted options

available to Lawrence which could have been used to control Dr. Berger – none of which would have been as forceful or violent as the method that he chose.

Once having Mr. Lawrence acknowledge his receipt of training on a range of documented and listed police techniques, counsel for Dr. Berger asked for Mr. Lawrence to physically demonstrate the techniques themselves.  Despite the explanation given by Plaintiff's counsel as to the pertinency of the questioning, counsel for Defendant declared that no such demonstration would be allowed.  When Plaintiff's counsel informed the City Attorney that the deposition would be suspended in order to obtain a ruling from the Court, Lawrence's attorney stated, "No problem," and the deposition concluded.  Suspending a deposition under these circumstances is explicitly provided for by O.C.G.A. 9-11-37 (a)(2) which provides, in pertinent part, that "If a deponent fails to answer a question propounded or submitted under Code Section 9-11-30 … the discovering party may move for an order compelling an answer…When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order."

The transcript of the deposition[2], pages 68 – 70, contains the following testimony and discussion of counsel:

    Q. [Spears]  And among the methods of control that you were taught, at least during the course of the officers survival training were -- if you could just look at the bottom of page 109 to see that after the initial M there's a series of control mechanisms. Do you see those there?
       A [Lawrence] Yes, sir.
       Q. What I'd like to do is now ask you please to -- I want to be able to see what these are, these moves. So I'm going to ask Mr. Washington to stand and accompany you

---

[2] A condensed copy of the entire transcript of the deposition is filed concurrently herewith.

in front of the screen there, and I want you to help us by showing us what these moves are?

  MS. TERRY: I'm going to object to that, and <u>I'm not going to allow him to do that</u> because if these or not the moves that he used on Dr. Berger then I'm <u>not going to allow</u> him to show those.

  MR. SPEARS: Ma'am, he was trained on these. And if you don't let me ask these questions you will not be able to prevail. This officer is a well-trained officer. This officer has trained for years in these techniques. He was trained in these techniques years before he had contact with my client. These are techniques that are available to him that he can use when he so decides. This officer -- if the question is whether or not his use of force was reasonable, that reasonableness quotient or criteria has to be gauged based on the training he has received. These are elements of the training he has received, and I must be able to ask him questions about it.

  MS. TERRY: I'm going to object to him physically showing these moves because these are not the moves that were used on Dr. Berger, and <u>I'm going to not allow him to do that.</u>

  MR. SPEARS: Okay. <u>We're going to suspend the deposition</u>.

  MS. TERRY: <u>No problem</u>.

  MR. SPEARS: And I'm going to move that we be allowed to do it. Thank you, officer.

  Please note that the deposition is being suspended and that we will be having the officer asked further questions at a later time.

  VIDEOGRAPHER: This concludes today's deposition of Dorn Lawrence consisting of one videotape. The time is now 11:51 p.m. (sic). We are off the record.

On July 18, 2013, Plaintiff's counsel sought to resolve the discovery dispute by sending a letter to the City Attorney, Ms. Terry. Attached hereto and marked as Exhibit 2, is a true and correct copy of that letter. Ms. Terry responded to counsel's letter with the objection that the questioning "would be completely prejudicial and harassing…[and because the] request to have the officer demonstrate on a younger man of a different race would be totally misleading."[3] Attached hereto as Exhibit 3 is a true and correct of that correspondence.

---

[3] Mr. Berger is Caucasian; Mr. Lawrence is African American; and Spears' legal assistant that day is African American.

On July 22, 2013, Plaintiff filed his Motion to Compel Deposition Testimony. Defendant's counsel responded to the Motion. The Motion remained pending when, on August 9, 2013, Plaintiff's counsel proposed to resume the deposition on one of several upcoming dates. Defense counsel Terry refused, declaring that she wanted to await the Court's ruling on the pending Motion. Attached hereto as Exhibit 4 is a true and correct copy of that correspondence. On month later, there being no action by the Court on the Motion and with the City Attorney insisting that the deposition could not proceed because the Motion was still pending, Plaintiff withdrew the Motion without prejudice on September 11, 2013, and issued a renewed Notice of Deposition and a Subpoena for Lawrence's deposition testimony. On September 19, 2013, the City Attorney again rejected any possibility of the resumption of testimony, declaring that she would "not present Officer Lawrence for any further questioning unless ordered by the Court." Attached hereto as Exhibit 5 is a true and correct copy of that correspondence.

Defendant has no right to refuse to proceed with his deposition. Conversely, Plaintiff is entitled to proceed with discovery and with Lawrence's deposition. The City Attorney for Defendant Lawrence agreed to suspend the deposition and then refused to proceed even when the Motion to Compel was withdrawn without prejudice. Defendant must be ordered to appear for his deposition.

The Defendant and his attorney have engaged in discovery misconduct which fully warrants the award of Plaintiff's reasonable expenses incurred in obtaining an Order from this Court, including attorney's fees. There is no justification for this kind of intransigence and obstructionism.

5

Wherefore, Plaintiff prays as follows:

1. That this Court issue an Order at the earliest possible moment by which the Defendant will be required to proceed with his deposition. A proposed Order is attached for the Court's consideration.

2. That at a time deemed appropriate by this Court, after notice and on a date following the Order to proceed with the deposition, the Court convene a hearing upon the award of expenses sought herein.

                                                           S/ BRIAN SPEARS

                                                           BRIAN SPEARS, Bar No. 670112
                                                           Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128
Email: Bspears@mindspring.com

**CERTIFICATE OF SERVICE**

This will certify that on the date set out below, I caused to be served upon the following counsel using this Court's electronic File & Serve Xpress system which will automatically notify counsel of the filing by electronic mail:

Lashawn W. Terry
Sr. Assistant City Attorney
City of Atlanta Law Department
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303

Submitted this 26th day of September, 2013.

S/ BRIAN SPEARS
BRIAN SPEARS, Bar No. 670112
Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128