IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | |
| DR. JAY BERGER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    vs. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:13-CV-3251-RLV |
| DORN M. LAWRENCE, | ) | |
| | ) | |
|    Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.

<u>Classification of the Cause of Action</u>:

Plaintiff's claim for the recovery of damages arises from allegations that the Defendant breached the statutory and civil rights of Plaintiff as guaranteed by the laws and Constitution of the State of Georgia and the Constitution of the United States.

Factual Outline:

Plaintiff was arrested on August 26, 2012, by Defendant Lawrence, an officer of the City of Atlanta Police Department.  The arrest occurred at or around 2050 Cheshire Bridge Rd., Atlanta, Georgia, at approximately 3:15 a.m. Plaintiff was arrested without probable cause. Defendant used excessive force in making the arrest, causing a significant tear to Plaintiff's anterior cruciate ligament [ACL].

Plaintiff has recently undergone surgery for the torn ACL and is currently undergoing extensive physical therapy in an effort to regain his physical capacity.   Plaintiff was seen at the scene of his arrest by an EMS unit, was transported to the Atlanta Detention Center and from there was transported to Grady Memorial Hospital - all prior to his eventual release from custody later that same day.  The City Ordinance charges originally lodged against Plaintiff by Defendant were dismissed.

Statement of Legal Issues:

Whether the actions of the Defendant:

a.  Constituted a violation of Dr. Berger's constitutional right to be free from abuse in being arrested in contravention of Ga. Const. 1983, Art. I,

Sec. I, Para. XVII, which states that no person shall be abused in being arrested.

    b.  Constituted a violation of Plaintiff's right as guaranteed by the Bill of Rights of the Georgia Constitution, at Ga. Const. Art. I, § I, Para. XIII, and of the Fourth Amendment to the United States' Constitution to be secure against unreasonable searches and seizures, and, in addition, constituted assault and battery.

    c.  Constituted false imprisonment in contravention of the laws and statutes of the State of Georgia and, furthermore, constituted an abridgment of Plaintiff's right of freedom of speech as guaranteed by the Constitution of the State of Georgia and the Constitution of the United States.

    (2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Among the statutes and case law applicable to this action are the following:

<u>Federal Constitutional and Statutory Provisions</u>

Fourth Amendment, United States Constitution

First Amendment, United States Constitution

42 U.S.C. 1983, 42 U.S.C. 1988

Georgia Constitutional and Statutory Law:

Ga. Const. Art. I, § I, Para. XVII [... "[N]or shall any person be abused in being arrested, while under arrest, or in prison." ]

Ga. Const. Art. I, § I, Para. XIII [no unreasonable searches/seizures]

O.C.G.A.  § 51-7-20 [false imprisonment]

O.C.G.A. §51-1-14 [violent injury as tort under Georgia law]

O.C.G.A. 13-6-11 [bad faith authorizing award of expenses of litigation]

Regulations of the City of Atlanta Police Department:

Standard Operating Procedure 3010
*4.1.1: Employees are expressly prohibited from the unnecessary or unreasonable use of force against any person or property.*
*4.1.2. . Employees shall only use that force which is reasonable and necessary to affect an arrest, prevent an escape, necessarily restrict the movement of a prisoner, defend himself or another from physical assault or to accomplish other lawful objectives.*
*4.5.4:    "Any employee who applies weaponless physical force to the extent that it is likely to cause or lead to physical injury, a claim of injury, or an allegation of excessive force, is required to <u>immediately notify his or her supervisor</u>.  An incident report describing the incident must be completed on ICIS and submitted prior to the end of that employee's tour of duty."*

*Standard Operating Procedure  3030 – 2.2  "all persons who are subject to arrest will be properly searched, restrained and transported in a manner that ensures the safety, security and welfare of the empoyee, the general public and the arrestee."*

*Standard Operating Procedure  3030  4.1.3:  2.  -  "Disorderly conduct code 106-81,  will not be used to interfere with, restrict or deny citizens rights of speech, press or religion, unless an actual obstruction or impediment occurs, as specified in the ordinance."*

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

The categories of damages included within the scope of Plaintiff's complaint are the following:

a. Damages for pain and suffering;

b. Damages for medical expense, past and future;

c. Punitive damages;

d. Costs of litigation, including attorney's fees.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which *may* be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment F.)

Plaintiff is not in possession of any such documentation.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

There is no known person or legal entity having a subrogation interest in the cause of action set forth in either Plaintiff's Complaint or Plaintiff's Amended Complaint.

Submitted this 18th day of October, 2013.

                                                          S/ G. BRIAN SPEARS
                                                          Bar No. 670112
                                                          Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele:  (404) 872-7086
Fax:   (404) 892-1128
Email: Bspears@mindspring.com

## ATTACHMENT "A"

Jay Berger         Plaintiff

Dorn Lawrence      Defendant

Shani Hise

Peter Katz

Vonnie Plott

Kelli Blaine

Richard Wayne

Cory Nachamkin

Steve Hunter

Kim Helton

Ross Berger

Thomas Padgett

Jason Smith

Investigator Agan

<u>Medical Providers</u> -

S. Houston Payne, Jr., MD
Ga Hand, Shoulder & Elbow, P.C.
1819 Peachtree Road, Suite 425
Atlanta, GA 30309

M. Jonathan York, MD
Peachtree Orthopaedic
2001 Peachtree Road N.E.
Atlanta, GA 30309

Atlanta Sports Medicine
Scott D. Gillogly, MD
3200 Downwood Circle, Suite 500
Atlanta, GA 30327

## ATTACHMENT "C"

|  | Bates No. |
|---|---|
| Incident report | 1 - 4 |
| Grady Medical Records | 5 - 18 |
| Detention Center ORA Response produced 12/13/12: | 19 - 53 |
| Detention Center Medical Records produced 12/13/12: | 54 - 56 |
| P.O.S.T. records on Lawrence: | 57 - 59 |
| Atlanta Police Dept. ORA Response produced 1/10/13: | 60 - 70 |
| Detention Center ORA Response produced 1/14/13: | 71 - 85 |
| DISMISSAL | 86 |
| Atlanta Police Dept. ORA Response produced 2-14-13: | 87 - 113 |
| APD Response to Subpoena issued 5/13/13: | 114 - 212 |
| Atlanta PD Response to Subpoenas issued 5/10/13 and 5/13/13: | COA/BERG1-726 |
| P.O.S.T. training materials | Unnumbered |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2013, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Robert Godfrey, Esq.
    Lashawn W. Terry
    Sr. Assistant City Attorney
    City of Atlanta Law Department
    68 Mitchell Street, SW, Suite 4100
    Atlanta, GA 30303

      I further certify that this document in Times New Roman 14 point is in accordance with L.R. 5.1.

                              S/BRIAN SPEARS
                              ECF-Registered Attorney
                              Georgia Bar No. 670112
                              Attorney for Plaintiff
                              1126 Ponce de Leon Avenue
                              Atlanta, GA 30306
                              Telephone: (404) 872-7086
                              Email: Bspears@mindspring.com