## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DR. JAY BERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No. 1:13-CV-3251-RLV |
| | ) | |
| DORN M. LAWRENCE, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT
## AND INCORPORATED BRIEF IN SUPPORT

COMES NOW Defendant Dorn M. Lawrence (hereby "Defendant") and files his Motion for Summary Judgment and Incorporated Brief in Support thereof.

## I.    STATEMENT OF THE CASE

Plaintiff Dr. Jay Berger ("Plaintiff") brought suit against APD Officer Lawrence Dorn ("Defendant"), pursuant to various state law claims.  Specifically, Plaintiff alleged that Defendant falsely arrested him and used excessive force during his arrest causing severe injury.   Plaintiff subsequently amended his complaint in September 2013 to include an allegation of an abridgement of his freedom of speech as guaranteed by the Constitution of the United States.

## II.   <u>STATEMENT OF FACTS</u>

Officer Lawrence was on routine patrol when he came across Plaintiff and a female on the grass near a local strip club, The Doll House.[1]  It appeared to the officer that a fight had or was taking place between the Plaintiff and a female, from the Plaintiff's stance and demeanor.[2]  Plaintiff was standing over the female pointing his finger in her face and waving his arms around.[3]  Officer Lawrence stopped to question the Plaintiff and the female.[4]   Both the Plaintiff and the female had been drinking.[5]  Officer Lawrence could smell alcohol on Plaintiff.[6]  Officer Lawrence attempted to speak with the female; however, Plaintiff kept interrupting.[7]  Officer Lawrence told Plaintiff to stop interrupting and allow the female to speak for herself.[8]  Once Officer Lawrence spoke to the female and determined that the situation was under control, he dismissed himself and began to leave.[9]  Plaintiff then asked him in a defiant manner "are you done yet?"[10]  Officer Lawrence responded "yes" and "Have a good night."[11]  Officer Lawrence

---

[1] Exhibit – A, Lawrence Depo., pp. 45-46
[2] Id., p. 45
[3] Id.
[4] Id., pp. 52-543
[5] Id., p. 53; Exhibit – B, Berger Depo., p. 11, p. 13
[6] Exhibit – A, Lawrence Depo., p. 136
[7] Id., pp. 53-54
[8] Id.
[9] Id., p. 58
[10] Id., pp. 60-61
[11] Id., p.62

continued walking back to his patrol car.  Plaintiff then screamed something to the effect of "you don't talk to my girlfriend."[12]   Officer Lawrence turned and returned to Plaintiff to explain why he needed to stop and speak to the both of them.[13]  Officer Lawrence then began to leave again.  Plaintiff then yelled out to Officer Lawrence, "go fuck yourself" while slightly jerking forward.[14]  Officer Lawrence returned to Plaintiff and said "excuse me?"[15]   Plaintiff then said to Officer Lawrence in a confrontational manner, "what are you going to do?"[16]   As a result of this action, paired with Plaintiff's inebriated state; Officer Lawrence determined that Plaintiff was becoming violent.[17]   Officer Lawrence cited Plaintiff for violating code 10-9.3, Disorderly While under the Influence.[18]  Plaintiff was placed under arrest and put in handcuffs.[19]

Officer Lawrence walked Plaintiff back to his patrol vehicle.[20]  He wanted to begin completing his paperwork while waiting for the transport vehicle.[21]  Officer Lawrence was driving a supervisor's car which does not have a cage in the back;

---

[12] Id., p. 63
[13] Id., p. 64
[14] Id., pp. 67-68
[15] Id., p. 73
[16] Id.
[17] Id., pp. 73-76
[18] Id., p. 135; Exhibit C, Code 10-9.3; Disorderly While Under the Influence
[19] Exhibit – A, Lawrence Depo., pp. 83-84
[20] Id.., p. 89
[21] Id., p. 94-95

therefore, he did not have a safe place to secure Plaintiff.[22]  Consequently, he gave a command for the Plaintiff to sit on the curb.[23]  Plaintiff refused.  Officer Lawrence held Plaintiff by his right arm and used a foot sweep maneuver to get him to comply with the command.[24]  Plaintiff complains of an injury to his knee as a result of the foot sweep maneuver.[25]   Although Plaintiff did not request medical attention, EMS was called in response to Plaintiff's complaint of pain.  Plaintiff refused medical treatment.[26]

## III.       ARGUMENT AND CITATION OF AUTHORITY

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[27]  The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant.[28]  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[29]  The burden then shifts to the non-movant, who must go beyond the pleadings and

---

[22] Id., pp. 94-95
[23] Id., p. 89
[24] Id., pp. 31-37; pp. 99-100; Lawrence-Video Deposition
[25] Exhibit – B, Berger Depo, p. 24
[26] Exhibit – A, Lawrence Depo, p. 113
[27] Fed. R. Civ. P. 56(c).
[28] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).
[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

present affirmative evidence to show that a genuine issue of material fact does exist.[30]

A dispute is genuine if the evidence is such that the factual issues may reasonably be resolved in favor of the nonmoving party.[31]  However, Rule 56 "[b]y its very terms . . . provides that the mere existence of _some_ alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no _genuine_ issue of _material_ fact."[32]  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."[33]  An issue is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or is "not significantly probative."[34]  Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case.[35]  Thus, to create a genuine issue of material fact for trial, the party opposing the summary judgment must come forward with specific evidence of every element essential to his case with respect to which (1) he has the burden of proof, and (2) the summary judgment movant has

---

[30] _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 257 (1986).

[31] _Id_. at 248.

[32] _Id_. (emphasis in original).

[33] _Matsushita Elec. Industrial Co. v. Zenith Radio Corp_., 475 U.S. 574, 586-587 (1986).

[34] _Anderson_, 477 U.S. at 249-50.

[35] _Id_. at 248.

made a plausible showing of the absence of evidence of the necessary element.[36]
When opposing parties tell two different stories, one of which is blatantly
contradicted by the record, so that no reasonable jury could believe it, a court
should not adopt that version of the facts for purposes of ruling on a motion for
summary judgment.[37]  "Conclusory allegations, unwarranted deductions of facts or
legal conclusions masquerading as facts will not prevent dismissal."[38]

## B. DEFENDANT OFFICER, SUED IN HIS INDIVIDUAL CAPACITY, IS ENTITLED TO QUALIFIED IMMUNITY.

Defendant Lawrence, sued in his individual capacity, is entitled to qualified
immunity and thus should be dismissed from the instant suit as a matter of law.
The doctrine of qualified immunity protects government officials performing
discretionary functions from being sued in their individual capacities.[39]  The
doctrine protects not only against liability, but the need for government officials to
even defend against baseless lawsuits.[40]  "Only in exceptional cases will
government actors have no shield against claims made against them in their

---

[36] *Celotex*, 477 U.S. at 323.

[37] *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007).

[38] *Oxford Asset Mgmt. Ltd. v. Jajaris*, 297 F.3d 1182, 1188 (11th Cir. 2002).

[39]  *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692 (1999); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (citing *United States Dep't of State v. Ray*, 502 U.S. 164, 179 (1991) ("We must also keep in mind the fact that '[w]e generally accord . . . official conduct a presumption of legitimacy'.").

[40]  *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982).

individual capacities."[41]   Qualified immunity is a question of law for the court.[42] "Because this defense should be resolved at the earliest possible stage of litigation, it is proper for the district court to rule on qualified immunity during a motion to dismiss."[43]

Public officials are shielded under qualified immunity so far as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[44]  The qualified immunity analysis consists of a preliminary inquiry plus two steps.  As a preliminary matter, the defendant official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Once that inquiry is satisfied, the burden shifts to Plaintiff, whose allegations, if true, must establish a constitutional violation.[45]  Plaintiff must do more than refer to general rules and abstract rights to meet his burden.[46]  "Qualified immunity focuses on the actual, specific details of concrete cases."[47]  Only if Plaintiff's rights were violated

---

[41]  *Redd v. Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (citing *Lassiter v. Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)).

[42]  *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).

[43]  *Gonzalez v. Reno*, 325 F3d 1228, 1233 (11th Cir. 2003).

[44]  *Harlow*, 457 U.S. at 812.

[45]  *Wood v. Kesler*, 323 F.3d 872, 877-78 (11th Cir. 2003); *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th  Cir. 1995).

[46]  *Dorsey v. Wallace*, 134 F.Supp.2d 1364, 1371 (N.D.Ga. 2000, Pannell, J.) (citing *Jones v. Cannon*,  174 F.3d 1271, 1282-83 (11th Cir. 1999)).

[47]  *Jones*, 174 F.3d at 1283 (citing *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034 (1987)).

does the court then proceed to the final step in the qualified immunity determination—whether that right was clearly established.[48]

### 1.   Defendant Lawrence Acted In His Discretionary Capacity.

To be eligible for qualified immunity, a government official "must have been engaged in a 'discretionary function' when he performed the acts of which the Plaintiffs complain."[49]  The inquiry is two-fold.  The court asks "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize."[50]

The allegations of the Plaintiff relative to the conduct engaged in by Defendant makes clear that Officer Lawrence was acting within his discretionary capacity when he decided to make the arrest of Plaintiff.  Therefore, the Defendant is entitled to qualified immunity.

### 2.   Defendant Lawrence Did Not Violate Plaintiffs' Constitutional Rights.

Having established that the Officer Lawrence would have been acting in his discretionary capacity, the burden shifts to Plaintiff to prove that Officer Lawrence violated his constitutional rights.  However, Plaintiff fails to satisfy this burden.

---

[48] *Wood*, 323 F.3d at 877-78; *Hartsfield*, 50 F.3d at 953.
[49] *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (quoting *Harlow*,     457 U.S. at 818).
[50] *Id.* at 1265-66.

### a. Officer Lawrence Had Arguable Probable Cause to Arrest Plaintiff

A warrantless arrest is constitutionally valid only when there is probable cause to arrest.[51]  Although probable cause has been defined in a variety of ways, in essence it means nothing more than a reasonable basis for belief of guilt.[52] Enough evidence to support a conviction is not required.[53]

Probable cause to arrest exists if, at the moment an arrest is made, the facts and circumstances within the arresting officers' knowledge, and of which he has reasonably trustworthy information, are sufficient to warrant a prudent man in believing that the suspect has committed or is committing an offense.[54]  The standard for probable cause requires that an arrest be objectively reasonable under the totality of the circumstances.[55]  If an officer had probable cause to believe that an individual has committed even a very minor criminal offense in his presence, the officer may arrest the offender without violating the Fourth Amendment.[56]

Officer Lawrence had ample probable cause to detain and arrest Plaintiff.  It is undisputed that Plaintiff was under the influence of alcohol; with Plaintiff

---

[51] *Holmes v. Kucynca*, 321 F.3d 1063, 1079 (11th Cir. 2003).

[52] *United States v. Morris*, 447 U.S. 657, 663 (1973).

[53] *Id.*

[54] *Id.*

[55] *Durruthy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003) (quoting *Ferraro* 284 F.3d at 1195 (11th Cir. 2002)).

[56] *Ferraro*, 284 F.3d at 1194-5 (11th Cir. 2002) (quoting *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001)).

himself admitting to having at least two drinks and further admitting to a drink only bill of "around $200".[57] Additionally, Plaintiff was becoming progressively more disorderly and belligerent in public with the unprovoked use of offensive and confrontational language against Officer Lawrence.[58]   Plaintiff's inebriated condition and confrontational behavior gave Officer Lawrence ample probable cause to find him in violation of City Code 10-9.3 which states:

**"It shall be unlawful for any person within the corporate limits of the city to be disorderly while under the influence on the streets, sidewalks or other public places.  The following acts are declared to be in violation of this section:**

**(3) Any person who, without provocation, uses to or of another, in such person's presence, fighting words, or who shall panhandle while under the influence of alcohol or drugs.[59]**

Consequently, arguable and actual probable causes existed for Plaintiff's arrest.

## b. Officer Lawrence Used Only the Force Necessary to Obtain Lawful Compliance from Plaintiff

The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force during a lawful

---

[57] Exhibit – B, Berger Depo., p. 11; p. 13
[58] Exhibit – A, Lawrence Depo., pp. 67-68, 73; Exhibit – B, Berger Depo., pp. 18-19
[59] Exhibit C, Code 10-9.3; Disorderly While Under the Influence

arrest.[60]   Claims that law enforcement officers used excessive force, whether deadly or not, in the course of an arrest, an investigatory stop, or other seizure, should be analyzed under the Fourth Amendment and its "objective reasonableness" standard.[61]   This standard requires balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interest against the importance of the governmental interests alleged to justify the intrusion."[62]

The reasonableness of a particular use of force must be considered from the perspective of a reasonable officer on the scene rather than by employing 20/20 hindsight.[63]   The United States Supreme Court, in *Saucier v. Katz,* repeated its recognition that officers are often forced to make split-second judgments in circumstances that are "tense, uncertain, and rapidly evolving" – about the amount of force that is necessary in a particular situation.[64]   "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."[65]   In balancing the interests, the court should consider

---

[60] *Lee v. Ferraro*, 284 F.3d 118, 119 (11th Cir. 2002).

[61]   *Graham v. Conner*, 490 U.S. at 388.

[62]   *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (*quoting U.S. v. Place*, 462 U.S. 696, 703 (1983)); *see also Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

[63]   *Saucier v. Katz*, 533 U.S. 194 (2001); *Preister v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000).

[64]   *Saucier*, 533 U.S. at 205.

[65]   *Id*. at 194.

"the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."[66]

The Eleventh Circuit has set forth a test that requires a court to consider four additional factors when assessing an excessive force claim: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; and (4) whether the force applied was in good faith or whether it was malicious and sadistic.[67]   Relying on the test as suggested by the Eleventh Circuit and the circumstances of this case, there is no evidence that Officer Lawrence used excessive force against Plaintiff while attempting to gain compliance.  Rather, the evidence shows that Officer Lawrence only used that force necessary to have Plaintiff sit on the curb as he had previously requested.[68]

### c.    Officer Lawrence Did Not Violate Clearly Established Law.

Assuming, *arguendo*, that Plaintiff can establish a constitutional injury, qualified immunity is still appropriate because Officer Lawrence did not violate clearly established law.  The law must be clearly established in a "particularized

---

[66] *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1502 (11th Cir. 1985), cert. denied, 476 U.S. 1115 (1973), (quoting *Bell v. Wolfish*, 441 U.S. at 559.).
[67] *Moore v. Gwinnett County*, 967 F.2d 1495, 1498 (11th Cir. 1992); see also *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986).
[68] Exhibit – A, Lawrence Depo., p. 94-95

sense" for the Plaintiff to meet his burden except in the "most obvious" of situations.[69]

In the case at bar, Plaintiff will be hard pressed to cite a court decision which, in a concrete and factually defined context, gave "fair warning" in a "particularized sense" to all police officers that using an approved academy taught maneuver to obtain compliance[70] to a lawful command constitutes a violation of the Plaintiff's constitutional rights.    The Eleventh Circuit has explicitly stated that, with regard to the "clearly established law" analysis, it will only follow Supreme Court, Eleventh Circuit, and state Supreme Court law because "we do not expect public officials to sort out the law of every jurisdiction in the country."[71] As there are no cases that would have given "fair warning" in a "particularized sense" to Officer Lawrence, he is entitled to qualified immunity.

## C.   DEFENDANT LAWRENCE IS ENTITLED TO OFFICIAL IMMUNITY FROM PLAINTIFF'S STATE LAW CLAIMS.

Defendant Lawrence is entitled to official immunity on all the alleged state law claims.  The doctrine of official immunity offers public officers and employees who are engaged in discretionary acts limited protection from suit in their personal

---

[69] *Brousseau v. Haugen*, 543 U.S. 194, 199 (2004).
[70] Exhibit – D, Banja Depo., p. 108-111 (Training Officer)
[71] *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1032 n. 10 (11th Cir. 2001) (*en banc*).

capacity.[72]  In Georgia, official immunity turns on the type of function the official is engaged in—whether it is a ministerial or a discretionary act.  A ministerial act is one that is simple, absolute, and definite arising under conditions admitted or proved to exist and requiring merely the execution of a specific duty.[73]  By contrast, a discretionary act calls for the exercise of personal judgment including examining the facts, reaching reasoned conclusions, and acting on them in a way that is not specifically directed.[74]

> Under Georgia law, an officer:

> ***may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.[75]***

An official function is "any act performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts."[76]  Therefore, while an officer may be personally liable if he acts with negligence, actual malice, or intent to injure in the performance of a ministerial duty, an officer may only be

---

[72] *Cameron v. Lang*, 549 S.E.2d 341, 344 (Ga. 2001).

[73] *Carter v. Glenn*, 548 S.E.2d 110, 112-13 (Ga.App. 2001).

[74] *Id.*

[75] O.C.G.A. § 36-33-4 (emphasis added).

[76] *Gilbert v. Richardson*, 264 Ga. 744, 753, 452 S.E.2d 476 (1994).

liable for the performance of a discretionary function if he acts with actual malice or intent to injure.[77]

Here, Defendant Lawrence's act of arresting Plaintiff and using an academy taught maneuver to obtain compliance is clearly a discretionary function. Moreover, Plaintiff cannot show that Officer Lawrence acted with actual malice. There is also no evidence to dispute Defendant Lawrence's claim that he had any intent other than to affect the arrest and obtain compliance.   Accordingly, Defendant Lawrence is entitled to official immunity for the state law claims in his individual capacity and summary judgment should be granted.

## IV.   CONCLUSION

Defendant Lawrence is entitled to Summary Judgment on Plaintiff's claims because there are no genuine issues of material fact as to Officer Lawrence's entitlement to qualified and official immunity.

## CERTIFICATION

Counsel for Defendant certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

---

[77] *Cameron*, 549 S.E.2d at 345.

Respectfully submitted this 25th day of March, 2014.

_/s/ LaShawn W. Terry_____
Robert N. Godfrey
Chief Counsel
Georgia Bar No. 298550
 LaShawn W. Terry
Sr. Assistant City Attorney
Georgia Bar No. 702578

Attorneys for Defendant

**City of Atlanta Law Department**
**Suite 4100, 68 Mitchell Street, S.W.**
**Atlanta, GA  30303-3520**
**(404) 330-6838 (telephone)**
**(404) 546-9535 (facsimile)**
**lterry@atlantaga.gov**

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DR. JAY BERGER, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No. 1:13-CV-3251-RLV |
| | ) | |
| DORN M. LAWRENCE, | ) | |
| | ) | |
|      Defendant. | ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on March 25th, 2014, I served the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED BRIEF IN SUPPORT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

BY:   */s/ LaShawn W. Terry*
          **LaShawn W. Terry**
          Sr. Assistant City Attorney
          Georgia Bar No. 702578

**City of Atlanta Law Department**
68 Mitchell Street, SW, Suite 4100
Atlanta, Georgia 30303
(404) 330-6838 (telephone)
(404) 546-9535 (facsimile)
lterry@atlantaga.gov