IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICTOF
GEORGIA

| | |
|---|---|
| DR. JAY BERGER, )<br>)<br>  Plaintiff, )<br>) | <br><br><br>CIVIL ACTION FILE NO.: |
| v. )<br>) | 1:13-CV-3251-RLV |
| DORN M. LAWRENCE )<br>) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 56.1, Defendant Dorn Lawrence files his Response to Plaintiff's Cross Motion for Partial Summary Judgment and Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. In doing so, Defendant Lawrence shows this Court that Plaintiff's Motion for Partial Summary Judgment reflects his confusion about the legal standards necessary to establish arguable probable cause thereby entitling Officer Lawrence to qualified immunity.

**I.     STATEMENT OF THE CASE**

Plaintiff Dr. Jay Berger ("Plaintiff") brought suit against APD Officer Lawrence Dorn ("Defendant"), pursuant to various state law claims.  Specifically, Plaintiff alleged that Defendant falsely arrested him and used excessive force

during his arrest causing severe injury. Plaintiff subsequently amended his complaint in September 2013 to include an allegation of an abridgement of his freedom of speech as guaranteed by the Constitution of the United States.

## II.   STATEMENT OF FACTS

The City previously presented a Statement of Facts in its recently filed Motion for Summary Judgment with Brief in Support.[1] That recitation of facts is incorporated by reference as if set forth here in full.

## III.   ARGUMENT AND AUTHORITIES

### A. STANDARD OF REVIEW

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[2] The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant.[3] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[4] To prevail, the movant need not, however, support its motion with material negating the opponent's claim.[5] The burden then shifts to the non-movant, who must go

---

[1] Doc #46
[2] Fed. R. Civ. P. 56(c).
[3] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[5] *Id.* at 323.

beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[6] A dispute is genuine if the evidence is such that the factual issues may reasonably be resolved in favor of the non-moving party.[7] However, Rule 56 "[b]y its very terms . . . provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[8]  The substantive law identifies which facts are material; material facts are those that might affect the outcome of the suit under the governing law.[9]

## B. DEFENDANT LAWRENCE DID NOT VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

Assuming that is undisputed that Defendant Lawrence was acting in his discretionary capacity, the burden shifts to Plaintiff to prove that Officer Lawrence violated his constitutional rights. Plaintiff failed to satisfy this burden.

---

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).
[7] *Id.* at 248.
[8] *Id.*
[9] *Id.*

1. <u>Defendant Lawrence had Arguable Probable Cause to Arrest Plaintiff</u>

Plaintiff erroneously relies on *Merenda v. Tabor*[10] to suggest that Officer Lawrence did not have probable cause to arrest Plaintiff for the use of the words "Go fuck yourself". Plaintiff fails to appreciate the clear distinction of the *Merenda* case as opposed to the instant case, in that in the *Merenda* case the Plaintiff was not intoxicated or not alleged to have been intoxicated. Plaintiff fails to appreciate the undisputed fact that Plaintiff admits to drinking alcohol in the hours preceding his arrest.[11] Officer Lawrence arrested Plaintiff based on his escalating volatile behavior while in his apparent intoxicated state.[12] In viewing the facts in the light most favorable to Officer Lawrence, the Court must find that Officer Lawrence reasonably believed that the behavior of Plaintiff was a violation of the subject code. Consequently, based on Municipal Code 10-9.3, Disorderly while Under the Influence, Officer Lawrence had ample arguable probable cause to arrest Plaintiff.

Further, based on Plaintiff's refusal to obey Officer Lawrence's command to sit down, the facts as presented by Officer Lawrence supports the arguable probable cause for the charge of Disorderly Conduct under Municipal Code 106.81-7. Officer Lawrence testified that he gave a verbal command for Plaintiff

---

[10] No. 12-12562 (Unpublished) (11th Circuit) 2013
[11] Berger Depo., pp. 11, 13
[12] Lawrence Depo., pp.75-76

to take a seat on the curb so that Officer Lawrence could complete the necessary arrest paperwork and Plaintiff refused.[13] Consequently, Officer Lawrence reasonably believed that Plaintiff's non-compliance was interfering with his performance of his job duties as an officer thereby violating Municipal Code 106.81-7.

### 2. Defendant Lawrence Used Only the Force Necessary

An excessive force standard is based on reasonableness. It considers the need for the force, amount of forced used and the injury inflicted.[14] Moreover, in *Post v. City of Ft. Lauderdale*, the Eleventh Circuit further made clear that because of the reasonableness standard an officer is entitled to qualified immunity from an excessive force claim "unless application of the standard would inevitably lead every officer in [Lawrence's] position to conclude the force was unlawful."[15]

Here, Plaintiff cannot meet this rigorous burden imposed by the courts because he makes clear that all Defendant Lawrence did in this case was to use a maneuver to get him to sit on the ground.[16] Plaintiff testified that he does not know what kind of impact caused his injury.[17] Plaintiff attempts to use expert testimony to opine on the cause of the Plaintiff's injury; however, this attempt also

---

[13] Id., pp. 93-94
[14] Jones v. City of Dothan, 121 F.3d 1456, 1460 (11th Cir. 1997).
[15] 7 F.3d 1552, 1559 (11th Cir. 1993).
[16] Berger Depo., p. 20
[17] Id., p. 22

fails. Dr. Gillogy opines that Plaintiff's injury must have come from blunt force trauma similar to that of a football clipping move.[18] Where this analogy fails in its entirety is in its failure to acknowledge that the typical "clipping" penalty in football involves a heavily padded player launching his body at the opponent's knee; plainly something that did not happen in this case. Considering that Dr. Gillogy was not present during the injury and that Plaintiff does not know what caused the impact, the speculative testimony of Dr. Gillogy can only be considered conclusory, at best. Further, this Court has made clear in *City of Miami v. Gold* that "an expert's conclusory testimony does not control this Court's legal analysis" on summary judgment[19]. Even so, accepting Dr. Gillogy's speculative scenario as fact adds credibility to Officer Lawrence's explanation that, regardless of the resulting injury, the intent of the maneuver was to get Plaintiff to the ground. It was not utilized as a means to injure and was not done with malice.

Therefore, the undisputed fact in the record is that Officer Lawrence used an academy taught maneuver to sit Plaintiff down after he refused to sit on his own.[20] Although Plaintiff was unsure of what caused the impact, he was clear that once he complained of his hands hurting, Officer Lawrence adjusted the handcuffs, helped

---

[18] Gillogy Declaration, Doc. 57, sec 3
[19] *City of Miami v. Gold,* 151 F.3d 1346, fn. 13 (11th Cir. 1998).
[20] Lawrence Depo. p. 89; pp. 31-37; pp. 99-100; Lawrence-Video Deposition

him up and assisted him back over to his patrol car.[21]   Nothing about these facts would inevitably lead any officer, much less every officer, to conclude that force was unlawful in this case.  As such, Defendant Lawrence did not violate Plaintiff's constitutional rights.

### C. DEFENDANT LAWRENCE DID NOT VIOLATE CLEARLY ESTABLISHED LAW

Assuming, *arguendo*, that Plaintiff can establish a constitutional violation, qualified immunity is still appropriate because Defendant Lawrence did not violate clearly established law.  The law must be clearly established in a "particularized sense" for the Plaintiff to meet his burden except in the "most obvious" of situations.[22]

The Eleventh Circuit has explicitly stated that, with regard to the "clearly established law" analysis, it will only follow Supreme Court, Eleventh Circuit, and state Supreme Court law because "we do not expect public officials to sort out the law of every jurisdiction in the country."[23]  Although Plaintiff provides a number of cases suggestively in support of his case, there are no cases that would have given "fair warning" in a "particularized sense" to Defendant Lawrence that he would be penalized for using an academy taught maneuver to get Plaintiff to

---

[21] Berger Depo. pp. 24-25
[22] *Brousseau v. Haugen*, 543 U.S. 194, 199 (2004).
[23] *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1032 n. 10 (11th Cir. 2001) (*en banc*).

comply with a command to sit on the ground.  All cases provided by Plaintiff suggest gratuitous force used without justification.  Here, Defendant Lawrence explains in detail his reason for having Plaintiff sit on the ground.[24]  Plaintiff attempts to dispute Officer Lawrence's discretionary decision to have Plaintiff sit by presenting testimony of Dennis Waller, a supposed police practices expert.  Waller's statements are conclusory at best, and fail to account for the undisputed testimony of Michael Banja, Instructor for the Atlanta Police Academy, where Defendant Lawrence was trained.  Officer Banja clearly testifies that the use of the foot to strike the knee to take Dr. Berger to the ground is consistent with the training received by Officer Lawrence.[25]  He further testified that the technique was seen as reasonable given the set of variables as presented in this case.[26]  Moreover, the reasonableness of a particular use of force must be considered from the perspective of a reasonable officer on the scene rather than by employing 20/20 hindsight.[27]  Officer Lawrence justification for the foot sweep is reasonable and Plaintiff fails to provide any case that establishes that officer Lawrence knew or should have known that his actions were prohibited.

---

[24] Lawrence Depo. pp. 94-95
[25] Banja Depo., p. 111
[26]  Id., pp. 109-110
[27]  *Saucier v. Katz*, 533 U.S. 194 (2001); *Preister v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000).

### D. OFFICER LAWRENCE DID NOT VIOLATE PLAINTIFF'S FIRST AMENDMENT RIGHTS

#### 1. <u>Plaintiff's Abusive Language is not Protected by the First Amendment</u>

The United States Supreme Court has limited the prohibition against use of abusive and obscene words to "fighting words."[28] In that case the court stated that "it is well understood that the right of free speech is not absolute at all times and under all circumstances. There are certain well defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include ... the insulting or 'fighting' words—those which by their very utterance ... tend to incite an immediate breach of the peace."  That is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence,   naturally tend to provoke violent resentment, that is, words commonly called fighting words."[29]

   In discussing the test laid down in *Chaplinsky* the court stated that "this test has not been interpreted to mean that the state must prove the effect of the words upon

---

[28] *Chaplinsky v. New Hampshire,* 315 U.S. 568, 571–572(2), 62 S.Ct. 766, 768–769, 86 L.Ed. 1031.
[29] Bolden v. State, 148 Ga.App. 315 (1978)

a particular individual; that is, whether the individual to whom the words were addressed was incited to action by their utterance. The law makes no distinction between the types of persons to whom the words are uttered. The fact that a policeman admits that he is used to hearing obscene language during the performance of his duties is not a defense available to Plaintiff. [30]  Plaintiff's disruptive behavior became increasingly more volatile and escalated to the point of fighting words.  It is undisputed that he yelled "go fuck yourself" to Officer Lawrence and then attempted to entice Officer Lawrence into a further altercation by asking "so what are you going to do".[31]  The behavior by Plaintiff is clearly not protected under the First Amendment.

## 2. Officer Lawrence's Arguable Probable Cause Defeats Plaintiff's First Amendment Claim.

*Assuming arguendo* that Plaintiff's language is found to be protected under the First Amendment, his claim still fails in that Officer Lawrence still had arguable probable cause to make the arrest.  Like a false-arrest claim under the Fourth Amendment, a retaliatory-arrest claim under the First Amendment is defeated by the existence of probable cause.[32] Similarly, to receive qualified immunity on a First Amendment retaliation claim, an officer need only have *arguable* probable

---

[30] *Bolden v. State,* 148 Ga.App. 315, 316(2), 251 S.E.2d 165 (1978).
[31] Lawrence Depo., p. 73
[32] *Dahl v. Holley,* 312 F.3d 1228, 1236 (nth Cir. 2002).

cause. *See Redd v. City of Enterprise,* 140 F.3d 1378, 1383 (11th Cir. 1998) ("Because we hold that the officers had arguable probable cause to [make the arrest], we must hold that the officers are also entitled to qualified immunity from the plaintiffs' First Amendment claims.").

Here, as argued above and in Defendant's Motion for summary judgment brief[33], Officer Lawrence made the arrest based on Plaintiff's escalating abusive behavior coupled with his apparent inebriated state.[34] As such, Plaintiff's claim of an alleged first amendment violation cannot survive Officer Lawrence's arguable probable cause. Thus, Plaintiff's partial motion for summary judgment cannot be granted as a matter of law and Defendant Lawrence is entitled to immunity as a matter of law against this claim.

### E. PLAINTIFFS' STATE LAW CLAIMS AGAINST DEFENDANT LAWRENCE ARE ENTIRELY WITHOUT MERIT.

As stated in Defendant Lawrence's argument for summary judgment, his act of arresting Plaintiff and using an academy taught maneuver to obtain compliance is clearly a discretionary function. Moreover, Plaintiff cannot show that Officer Lawrence acted with actual malice. Indeed, to survive summary judgment, Plaintiff must provide evidence that Defendant Lawrence **intended** to harm

---

[33] Doc. 46
[34] Lawrence Depo., pp. 75-76

Plaintiff and the only evidence presented is that he merely intended to perform his job. Actual malice, in the context of official immunity, is equated with "express malice or malice in fact" and requires a showing of "deliberate intention to do wrong."[35] Mere proof of ill will, anger, frustration, or irritation is insufficient to establish actual malice.[36] Rather, the plaintiff must show that the public officer acted with the deliberate intent to commit a wrongful act or with the deliberate intent to harm the plaintiff.[37] Plaintiff fails to show any evidence of actual malice as described by law.

However, even if Plaintiff can overcome the extraordinary hurdle of showing that Defendant Lawrence is not entitled to official immunity, Plaintiff cannot establish a violation of State law. Plaintiff alleges assault and battery; false imprisonment; and excessive force all resulting from his lawful arrest.

   *a. Assault and Battery*

The tort of assault and battery is defined as "[a]ny act of physical violence, inflicted on the person of another, *which is not necessary*, is not privileged and

---

[35] Adams v. Hazelwood, 271 Ga. 414, 414-15 (1999); Merrow v. Hawkins, 266 Ga. 390, 391 (1996).

[36] Adams, 271 Ga. at 415; Woodward v. Gray, 241 Ga. App. 847, 851 (2000).

[37] Anderson v. Cobb, 258 Ga. App. 159, 160 (2002) (citing Adams, 271 Ga. at 415); see Kidd v. Coates, 271 Ga. 33, 33-34 (1999) (defining "actual intent to cause injury" as "an actual intent to cause harm to the plaintiff" encompasses concept of wilfulness, malice, or corruption in the context of official immunity).

which constitutes harmful or offensive contact. . . ."[38]  Here, Defendant Lawrence did not inflict physical violence on Plaintiff.  Defendant Lawrence used a maneuver to get Plaintiff to comply with his command to sit on the ground.  Additionally, Defendant Lawrence used measures to control Plaintiff's descent to the ground.[39]  Plaintiff's assault and battery claims are without merit and must be summarily dismissed.

      *b. False Imprisonment*

The essential elements of false imprisonment are detention and the unlawfulness thereof. Plaintiff must therefore prove that his arrest and detention was unlawful.  This element he fails to prove.  As argued prior, Plaintiff's obstruction charges are valid.  A person commits the offense of obstruction of a law enforcement officer when that person knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties.[40]  While Plaintiff alleges that he was falsely arrested, he acknowledges that he was under the influence of alcohol and that he used abusive language.  Thus, Officer Lawrence had arguable probable cause to arrest him under the Disorderly while intoxicated code.  Thus, all state law claims against Defendant should be dismissed.

---

[38] *Henricks v. Southern Bell Tel. & Tel. Co.*, 193 Ga. App. 264 (1989), citing *Brown v. State*, 57 Ga. App. 864, 876-868(2) (1938). [Emphasis Supplied]
[39] Lawrence Depo., pp. 31-37; pp. 99-100; Lawrence-Video Deposition p.
[40] O.C.G.A. §16-10-24

## IV. CONCLUSION

Therefore, based on the foregoing, Defendant Lawrence respectfully submits that he is entitled to both qualified and official immunity. Consequently, Plaintiff's partial motion for summary judgment should be denied in its entirety and Defendant Lawrence should be granted judgment as a matter of law on all claims.

Respectfully submitted this 21st day of April 2014.

                                         *//s// LaShawn W. Terry*
                                         **ROBERT N. GODFREY**
                                         Chief Counsel
                                         Georgia Bar No. 298550
                                       **TAMARA N. BAINES**
                                         Sr. Assistant City Attorney
                                         Georgia Bar No. 032460
                                         **LASHAWN W. TERRY**
                                         Sr. Assistant City Attorney
                                         Georgia Bar No. 702578

City of Atlanta Law Department
City Hall Tower, Suite 4100
68 Mitchell Street, SW
Atlanta, GA 30303
(404) 330-6838 (telephone)
(404) 546-9535 (facsimile)
lterry@atlantaga.gov

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JAY BERGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DORN M. LAWRENCE, )<br>)<br>Defendant. )<br>_____ | Civil Action File<br>No. 1:13-CV-3251-RLV |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2014, I served the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

BY:  */s/ LaShawn W. Terry*
**LaShawn W. Terry**
Sr. Assistant City Attorney
Georgia Bar No. 702578

**City of Atlanta Law Department**
68 Mitchell Street, SW, Suite 4100
Atlanta, Georgia 30303
(404) 330-6838 (telephone)
(404) 546-9535 (facsimile)
lterry@atlantaga.gov