UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DR. JAY BERGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 1:13-CV-3251-RWS |
| vs. | ) | |
| | ) | |
| DORN M. LAWRENCE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE
TO CONDUCT ADDITIONAL DISCOVERY
CONCERNING THE LIABILITY OF THE CITY OF ATLANTA**

1. This is a motion by Plaintiff, Dr. Jay Berger, for leave to conduct additional discovery so Plaintiff can develop a proposed *Monell* claim against the City of Atlanta. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (municipality may be sued under 42 U.S.C. § 1983 when its "official policy [i]s the moving force of the moving force of [a] constitutional violation").

2. The City of Atlanta is not yet a party defendant in this action, but Plaintiff has, concurrent with the filing of this motion, moved the Court to add the City as a party defendant under Rule 20 of the Federal Rules of Civil Procedure.

1

3. In that motion, Plaintiff argues that it is appropriate to add the City as a party defendant because Plaintiff has only recently become aware of the factual basis upon which the City itself should be liable for Plaintiff's injuries. Plaintiff points out that the City is currently the subject of two motions for contempt sanctions; one was filed on February 17, 2015, the other, on March 17, 2015. *See Calhoun v. City of Atlanta*, No. 1:09-cv-03286-TCB and *Anderson v. City of Atlanta*, No. 1:11-cv-03398-SCJ. The briefs and evidence that have been made public as a result of these proceedings paint a compelling picture of a City that routinely fails to abide by court orders that have required the City to modify the Standard Operating Procedures of the Atlanta Police Department and to take affirmative steps to train its officers. Some of the reforms concerned mandatory, in-person training relating to the public's First Amendment rights – training that the City was required to conduct but never actually provided its officers.

4. Such revelations cast doubt on the veracity of representations made by the City in this litigation that bear directly on the City's own liability for training deficiencies which led to the injuries suffered by Plaintiff.

5. These revelations suggest, at a minimum, that the representations made by the City as to the nature and extent of the training that Lawrence and other

police officers receive on subjects like use of force or First Amendment rights – issues that are at the core of this case – cannot be taken at face value.

6. During discovery, Lawrence and Michael Banja, an instructor at the City's Police Department Training Academy, represented that Lawrence received training on aspects of Lawrence's conduct that ended up causing Dr. Berger's injuries, like the propriety of using an arrest under the disorderly conduct ordinance to suppress free speech.

7. But the City has demonstrated a pattern of failing to train its officers even when it has been directly ordered to do so by a court. Such failings on the part of the City directly undermine the believability of claims made by the City in this case that Lawrence and other police officers are trained to, among other things, "remain calm even when curse words are spoken in their presence", (Banja Dep. 81, attached hereto as Exh. A), and to "not arrest someone simply because they were exercising the First Amendment" (Lawrence Dep. 134, attached hereto as Exh. B).

8. Plaintiff is justified in conducting additional discovery so he can, at the very least, test the veracity of the City's representations on officer training in this case, and to develop a potential failure to train claim against the City.

9. Had Lawrence and other officers not received the training the City says they did and this lack of training led directly to Plaintiff injuries, then the City would be subject to liability under *City of Canton v. Harris*, 489 U.S. 378 (1989).

10. Plaintiff therefore requests leave from this Court to conduct additional discovery on subjects pertinent to the City of Atlanta's liability for failure to train despite the known need for such training, including in the following subjects:

    a. Prior incidents involving the kinds of constitutional violations alleged by Plaintiff in this case under circumstances which gave rise to Dr. Berger's injuries;

    b. The actual training provided by the City to its police officers, including but not limited to Dorn Lawrence, as of the date of Dr. Berger's injury on the subjects of:

        i. Use of force against handcuffed arrestees, including force that is used for the purpose of "balance disruption" of an arrestee;

        ii. Protecting the free speech rights of the general public when engaged in verbal criticisms directed at police officers;

  iii. The propriety of using the disorderly conduct ordinance when the subject being arrested has openly criticized the officer's conduct or when the ordinance violation is being used as a "cover charge" to justify an otherwise unconstitutional arrest or to suppress the First Amendment rights of an individual;

 c. The extent of the knowledge of senior law enforcement officials of the need to undertake training to counsel officers to not use the disorderly conduct ordinance as a "cover charge" when a member of the public is simply being critical of the officer's conduct, and their knowledge of the nature and kind of training given to police officers with respect to the subjects listed in subparagraph (b) above as of the date of Dr. Berger's injury;

11. The discovery period in this case ended on February 28, 2014. (*See* D.E. 2 [text only entry].) This deadline is not the product of a Rule 16 pretrial scheduling order – indeed none was ever entered in this matter[1] – but is governed by Local Rule 26.2.A, which sets forth the "discovery tracks" that

---

[1] This was most likely because this case came to this Court after having been removed from Fulton County Superior Court, and the parties were already deeply engaged in discovery by that time.

are assigned to various types of cases; this case was assigned a four-month discovery track.

12. Local Rule 26.2.B provides that "[t]he court may, in its discretion, shorten or lengthen the time for discovery."  LR 26.2.B, NDGa.  A party seeking relief under this Rule must show that "the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed."  *Id*.

13. There can be no dispute that the circumstances on which this request is based did not come to light until very recently, long after any Joint Preliminary Report and Discovery plan would have been filed in this case. Plaintiff and his attorneys discovered the City's pattern of misrepresentation only after the plaintiffs in two other police misconduct matters concerning the Atlanta Police Department sought to hold the City in contempt for such behavior through recent court filings.  These filings were made during the period of February to March 2015.

14. Rule 26(b)(1) of the Federal Rules of Civil Procedures gives the Court the flexibility to allow the kind of discovery sought by plaintiff here.  That Rule provides, in relevant part, "[f]or good cause, the court may order discovery

on any matter relevant to the subject matter involved in this action." Fed. R. Civ. P. 26(b)(1).

15. This provision makes clear that the Court can allow discovery that is relevant to the "subject matter" of Plaintiff's claims, rather than to the claims themselves. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir. 2009). It matters not then that Plaintiff has not yet asserted a claim against the City. Plaintiff is still permitted to pursue the kind of discovery proposed above under Rule 26(b)(1) since it is clearly relevant to the "subject matter" – the arrest and use of force against Plaintiff – of this lawsuit.

16. Plaintiff has established good cause for seeking the additional, targeted discovery described above. Given the City's troubling lack of candor in cases involving the Atlanta Police Department, Plaintiff can no longer rely on prior factual information he received earlier in this litigation that relate to the institutional practices of the police department, like the scope, quality and nature of its officer training program. Plaintiff could not have made this request at an earlier date because the evidence that calls into question the City's representations in this case of the institutional practices of the police department only came to light recently, after discovery had closed in this

case. The discovery proposed by Plaintiff is carefully tailored and can be completed within 60 days.

## CONCLUSION

For the reasons stated above, Plaintiff Dr. Berger prays that this Court – in due consideration of the Motion to Add the City of Atlanta as a Defendant – permit Plaintiff to undertake additional discovery as outlined above, all of which bears upon the potential liability of the City of Atlanta for the arrest and beating of Dr. Berger.

Respectfully submitted on this the 17th day of April, 2015.

                                          S/ G. BRIAN SPEARS
                                          Bar No. 670112
                                          Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128

                                          S/ ALBERT WAN
                                          Bar No. 334229
                                          Attorney for Plaintiff

215 Church Street
Suite 110
Decatur, Georgia 30030
Tele: (404) 872-7760
Fax:  (404) 872-7764

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2015, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert Godfrey, Esq.
Lashawn W. Terry
Sr. Assistant City Attorney
City of Atlanta Law Department
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303

I further certify that this document in Times New Roman 14 point is in accordance with L.R. 5.1.

S/BRIAN SPEARS, ECF-Registered Attorney
Georgia Bar No. 670112
Attorney for Plaintiff
1126 Ponce de Leon Avenue
Atlanta, GA 30306
Telephone: (404) 872-7086
Email: Bspears@mindspring.com