UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JAY BERGER, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | 1:13-CV-3251-RWS |
| vs. ) | |
| ) | |
| DORN M. LAWRENCE, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S
MOTIONS FOR PERMISSIVE JOINDER
AND ADDITIONAL DISCOVERY (D.E. 97, 98)
AND
PLAINTIFF'S REQUEST FOR
<u>A DEFERRED RULING ON SAID MOTIONS</u>**

**I.   Rule 15(a), Not Rule 15(c), Governs Plaintiff's Motion to Add the City of Atlanta as a Party Defendant.**

The City is wrong to suggest that Rule 15(c) applies in this situation. (D.E. 100 at 8-9.) It does not. Rule 15(c) deals with "relation back" which is one way to "ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original timely filed complaint." *Singletary v. Pa. Dept. of Corrections*, 266 F.3d 186, 193 (3d Cir. 2001) (citation omitted). But here Plaintiff made clear in his motion to add the City as a party defendant that the

1

statute of limitations on his failure to train claim against the City *did not start to run* until November 2014 at the earliest.[1] This means that Dr. Berger is still well within the two-year statute of limitations and he has no need to use relation back in order to assert a timely claim against the City; the claim would be timely on its own merits.

To the extent any provision of Rule 15 governs Plaintiff's request to add the City as a party defendant it is Rule 15(a). *See Hinson v. Norwest Financial South Carolina*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)") (citation omitted). That Rule makes clear that leave to

---

[1] The City argues that Dr. Berger's motion is untimely because he knew all along that the City was the entity responsible for training Officer Lawrence. But this fact is largely irrelevant to determining when Dr. Berger's failure to train claim began to accrue against the City. There are two parts to the accrual inquiry for Section 1983 claims – essentially, a "who" and a "what". *See Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (Section 1983 actions do not accrue "until the plaintiff knows or has reason to know that he has been injured" *and* "until the plaintiff is aware or should have been aware who has inflicted the injury"). Here, Dr. Berger didn't know or have reason to know that he had been injured by the City as a result of its failure to train Officer Lawrence until recent events have called into serious doubt the City's representations on officer training. No one disputes that to the extent Officer Lawrence did not receive the training the City says he received and that this lack of training caused Dr. Berger's injury then the City would be the party that should be held accountable for this injury.

amend shall be "freely give[n] … when justice so requires". Fed. R. Civ. P. 15(a). This, as both the Supreme Court and the Eleventh Circuit have held, is a liberal standard, *Garfiled v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) ("'In the absence of any apparent or declared reason … the leave sought should, as the rules require, be freely given'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)), and a district court abuses its discretion in denying leave unless it can point to a specific reason to justify its denial like "undue delay, bad faith … undue prejudice to the opposing party … [or] futility …." *Foman*, 371 U.S. at 182.[2]

None of these factors can justify a denial of leave here. At present, the case is in a holding pattern pending its placement on the Court's trial calendar, which has yet to occur. Even though Dr. Berger's claims against Officer Lawrence have

---

[2] It would be inappropriate for the Court to assess the futility of the proposed failure to train claim until Plaintiff has had a chance to map out the claim to the Court in more detail than he currently has perhaps in the form of a proposed amended complaint. It is well established as a general matter, however, that municipalities like the City of Atlanta can be held liable for failing to train its police officers with respect to the First Amendment rights of civilians. *See Mackinney v. Nielsen*, 69 F.3d 1002, 1010 (9th Cir. 1995) ("[T]here appears to be a genuine issue of material fact as to whether the city made a 'deliberate' choice not to train its officers to be sensitive to the First Amendment rights of Berkeley citizens, thereby infringing on Mackinney's constitutional rights"); *Cannon v. City and County of Denver*, 998 F.2d 867, 878 (10th Cir. 1993) (reversing summary judgment dismissal of plaintiff's municipal liability claim where evidence viewed in light most favorable to plaintiff could infer "existence of a general municipal practice of First Amendment violations against antiabortion protestors").

been pending since March 2013 this alone is not a reason for the Court to deny leave.  If anyone is interested in a timely resolution to the claims in this case it is Dr. Berger. The injuries inflicted on Dr. Berger by Officer Lawrence are permanent, debilitating and painful, and can only get worse as time goes by.  Dr. Berger will never regain the mobility he once had.

Nor is Plaintiff is trying to "mine for gold" as the City puts it.  (D.E. 101 at 3.)  Any litigation Dr. Berger will bring against the City directly will be narrowly tailored to developing and asserting a failure to train claim against the City.  Dr. Berger has already explained in detail the reasons why he could not have sought to add the City at an earlier time in this litigation on the basis of such a claim.  The facts upon which the motion is based – that the City of Atlanta has potentially failed to train its officers with respect to the First Amendment rights of civilians – were simply not available to Dr. Berger until now.[3]  The City completely ignores

---

[3] The City cites to *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213 (11th Cir. 2004) but that case is distinguishable. (D.E. 100 at 7.) *Carruthers* dealt with a plaintiff's request to amend her complaint to add a claim, not a party.  And even though the Eleventh Circuit affirmed the district court's decision to deny leave to amend in *Carruthers* it did so because the plaintiff failed to "offer any explanation as to why she could not have discovered and pled [the potential claim] in her original complaint or in her first amended complaint." *Id.* at 1218.  Dr. Berger, by contrast, has provided this Court with a detailed explanation, supported by concrete facts, as why he could not have made his request to add the City at an earlier time in this litigation.

this core aspect of Dr. Berger's argument and instead disparages Dr. Berger's attempt to add the City as Dr. Berger's way of getting at "deep pockets".[4] D.E. 100, p. 4.

## II. The City Has Failed to Respond to the Factual Basis Given by Plaintiff for Adding the City as Party Defendant.

But who can blame the City for not wanting to directly address the factual basis for Plaintiff's request to add the City. The picture is not a pretty one and it has only gotten worse for the City. Since Plaintiff filed his motion for permissive joinder, Judge Jones and Judge Batten have all but decided to hold the City in contempt, in part, for its failure to train its police officers in accordance with consent orders to which the City was a party. (*See* D.E. 23 at *Anderson v. City of Atlanta*, No. 1:11-CV-3398-SCJ [Minute Entry for 4/30/15 Contempt Hearing]; D.E 287 at *Calhoun v. City of Atlanta*, No 1:09-CV-3286-TCB [Minute Entry for

---

[4] Since the City has opened the door to the position it has taken in settlement negotiations that it would not be required to pay a judgment if one were entered against Officer Lawrence, a few observations are in order. Given the ramifications of this position – that Dr. Berger could win at trial but never collect anything close to what he is awarded by a jury – any attorney worth his salt would (and should) do all he could to avoid such a scenario. If this means that the City needs to be added as a party defendant, and that there exists a meritorious basis for doing so, then it is counsel's duty to pursue this avenue of relief. The City can complain all it wants about Dr. Berger's motivations in seeking to add the City as a defendant but the City must also acknowledge its own responsibility in creating the conditions, in this proceeding and others that have led Dr. Berger to pursue the City directly.

5

5/5/15 Contempt Hearing].)  In the *Calhoun* case, Judge Batten even issued an order from the bench directing the City to provide remedial training to its police officers within 90 days – training which the City adamantly insisted that it had already given.[5]

If the City fails to train its police officers when it is expressly directed to do so by a federal court what would prevent the City from doing the same thing when its obligation to train is one that is, for all intents and purposes, self-imposed?  All this further reinforces Plaintiff's point that the City's police officers do not receive the training the City says they receive and that Plaintiff should be entitled to test the veracity of the City's claims on officer training that it has made in this case.

### III.   This Court Should Await the Final Outcome of the Contempt Proceedings in *Anderson* and *Calhoun* Before Ruling on Plaintiff's Joinder and Discovery Motions.

The road to the City lies mostly in *Anderson* and *Calhoun*.  Plaintiff acknowledges this.  The City, for its part, dismisses the allegations that are at the

---

[5] As Dr. Berger pointed out in the pending Motion, the Plaintiffs in *Calhoun* alleged that the City failed to conduct training previously required by the Court. Just as it did in Dr. Berger's case, the City claimed to Judge Batten that it had fully complied with "the training required of officers," *Calhoun v. Pennington*, D.E. 284, p. 8, City Brief in Opposition to motion for contempt.  And – just as in this case, the City claimed that the Plaintiffs there had "no factual basis for their contentions."  Id., at p. 2.  Judge Batten apparently concluded that the City was wrong, having Ordered that the training at issue occur within ninety days.

heart of the contempt proceedings in *Anderson* and *Calhoun* as "unproven". (D.E. 101 at 3.) For these reasons, this Court should defer ruling on Dr. Berger's joinder and discovery motions until Judge Jones and Judge Batten issue their respective orders on the contempt charges made against the City, which both judges have said they would do fairly quickly. Indeed, counsel for the Plaintiff in *Anderson* have already submitted a proposed order to Judge Jones for his consideration, a copy of which is attached to this brief, and one is due before Judge Batten on May 15, 2015. With the contempt Orders in hand, this Court can determine whether the City is correct in its assertion that the contempt allegations are "unproven" and, more importantly, place the findings of contempt that are made against the City in the context of this case, and the very real possibility that the life-changing injuries inflicted upon Dr. Berger came from the hands (or feet as the case may be) of an un-trained or under-trained Atlanta police officer.

### IV.  No Prejudice to Defendant Lawrence

Throughout the Brief filed in opposition to Dr. Berger's Motion there is not one reason given for why Defendant Lawrence, **himself,** would be prejudiced in any way by allowing discovery *vis a vis* his training or be prejudiced by the addition of the City of Atlanta as a party defendant. That is because there is none.

Officer Lawrence would not be prejudiced by the addition of the City of Atlanta; it would be to his benefit.

The City is adamant that it has no responsibility to indemnify Officer Lawrence. And now the City attorneys – who ostensibly represent Officer Lawrence – oppose the addition of the City so that they can make good on their threat, i.e., their threat to walk away from Lawrence if Dr. Berger prevails at trial.

## **CONCLUSION**

For the reasons stated above, this Court should grant Dr. Berger leave to add the City of Atlanta as a party defendant and to conduct additional, limited discovery on his failure to train theory vis-à-vis the City. At a minimum, the Court should wait until the completion of the contempt proceedings in *Anderson* and *Calhoun* until it makes a ruling on Plaintiff's joinder and discovery motions.[6]

Respectfully submitted on this the 11th day of May, 2015.

---

[6] For the Court's convenience and consideration, Plaintiff attaches hereto the following: 1) The Minute Sheet for proceedings of 5/5/15 in *Calhoun v. Pennington*; 2) the Minute Sheet for proceedings of 4/20/15 in Anderson v. City of Atlanta; and, 3) the *Proposed Order* presented to Judge Jones following the hearing of 4/20/15.

Case 1:13-cv-03251-RWS   Document 103   Filed 05/11/15   Page 9 of 20

|  |  |
|---|---|
| /s/ Brian Spears | /s/ Albert Wan |
| Ga. Bar No. 670112 | Ga. Bar No. 334224 |
| Attorney for Plaintiff | Attorney for Plaintiff |
|  |  |
| Law Office of Brian Spears | Law Office of Albert Wan |
| 1126 Ponce De Leon Avenue | 215 Church Street, Suite 110 |
| Atlanta, Georgia 30306 | Decatur, Georgia 30030 |
| Tel. 404-872-7086 | Tel. 404-872-7760 |
| bspears@mindspring.com | albert@albertwanlaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2015 I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Robert Godfrey
Tamara N. Baines
LaShawn Terry
Attorneys for Defendant City of Atlanta
City of Atlanta Department of Law
68 Mitchell Street
Atlanta, Georgia 30303

/s/ Brian Spears
Ga. Bar No. 670112
Attorney for Plaintiff

Law Office of Brian Spears
1126 Ponce De Leon Avenue
Atlanta, Georgia 30306
Tel. 404-872-7086
bspears@mindspring.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**1:09-cv-03286-TCB**
**Calhoun et al v. Pennington et al**
**Honorable Timothy C. Batten, Sr.**

Minute Sheet for proceedings held In Open Court on 05/05/2015.

| | |
|---|---|
| TIME COURT COMMENCED: 2:05 P.M. | |
| TIME COURT CONCLUDED: 2:30 P.M. | COURT REPORTER: Lori Burgess |
| TIME IN COURT: 00:25 | DEPUTY CLERK: Suzy Edwards |
| OFFICE LOCATION: Atlanta | |

ATTORNEY(S) PRESENT:
Robert Godfrey representing City of Atlanta
Robert Godfrey representing Bennie E. Bridges
Robert Godfrey representing Brandon Jackson
Robert Godfrey representing Cayenne Mayes
Robert Godfrey representing Cedric F. Smith
Robert Godfrey representing Christopher Dowd
Robert Godfrey representing Craig Condon
Robert Godfrey representing Darnell Perry
Robert Godfrey representing Debra A. Williams
Robert Godfrey representing Dimitri Jaques
Robert Godfrey representing Dimitrio O. Caldwell
Robert Godfrey representing Dion Meridith
Robert Godfrey representing Edward Rabb
Robert Godfrey representing George Turner
Robert Godfrey representing Gregory D. Dabney
Robert Godfrey representing Herman E. Glass
Robert Godfrey representing James Menzoian
Robert Godfrey representing Jared G. Watkins
Robert Godfrey representing Jeremy D. Edwards
Robert Godfrey representing John H. Brock
Robert Godfrey representing Kelleita Thurman
Robert Godfrey representing Kelly Collier
Robert Godfrey representing Marlon O. Noble
Robert Godfrey representing Melonie Mague
Robert Godfrey representing Richard Pennington
Robert Godfrey representing Robert C. Godwin
Robert Godfrey representing Ronald J. Walker
Robert Godfrey representing Scott Pautsch
Robert Godfrey representing Scott Perry

Robert Godfrey representing Stalone Davis
Robert Godfrey representing Stephanie Upton
Robert Godfrey representing Timothy McClain
Robert Godfrey representing Tyrone Taylor
Robert Godfrey representing Vicente Marcano
Robert Godfrey representing William Porter
Robert Godfrey representing William Walters
Robert Godfrey representing Willie Adams
Daniel Grossman representing Ramey & Kelley, Inc.
Daniel Grossman representing Rawhide Leather, Inc.
Daniel Grossman representing Alan Dale
Daniel Grossman representing Allan Vives
Daniel Grossman representing Benjamin Cheaves
Daniel Grossman representing Brian Hughes
Daniel Grossman representing Chris Schmaltz
Daniel Grossman representing Christopher Daniels
Daniel Grossman representing David Shepherd
Daniel Grossman representing David Thomas
Daniel Grossman representing Felix Garcia
Daniel Grossman representing Gary Ziemer
Daniel Grossman representing Geoffrey Calhoun
Daniel Grossman representing Jeffrey McLeod
Daniel Grossman representing John Curran
Daniel Grossman representing Kenneth Keck
Daniel Grossman representing M. Du-Wayne Ray
Daniel Grossman representing Mark Danak
Daniel Grossman representing Matthew Presley
Daniel Grossman representing Nicholas Koperski
Daniel Grossman representing Raymond Matheson
Daniel Grossman representing Robert Marlow
Daniel Grossman representing Robert McLendon
Daniel Grossman representing Robert Treutel
Daniel Grossman representing Saverio Monteleone
Daniel Grossman representing Sean Gaboya
Daniel Grossman representing Thomas Fast
Daniel Grossman representing Thomas Hayes
Gregory Nevins representing Ramey & Kelley, Inc.
Gregory Nevins representing Rawhide Leather, Inc.
Gregory Nevins representing Alan Dale
Gregory Nevins representing Allan Vives
Gregory Nevins representing Benjamin Cheaves
Gregory Nevins representing Brian Hughes
Gregory Nevins representing Chris Schmaltz
Gregory Nevins representing Christopher Daniels
Gregory Nevins representing David Shepherd
Gregory Nevins representing David Thomas
Gregory Nevins representing Felix Garcia
Gregory Nevins representing Gary Ziemer
Gregory Nevins representing Geoffrey Calhoun

Gregory Nevins representing Jeffrey McLeod
Gregory Nevins representing John Curran
Gregory Nevins representing Kenneth Keck
Gregory Nevins representing M. Du-Wayne Ray
Gregory Nevins representing Mark Danak
Gregory Nevins representing Matthew Presley
Gregory Nevins representing Nicholas Koperski
Gregory Nevins representing Raymond Matheson
Gregory Nevins representing Robert Marlow
Gregory Nevins representing Robert McLendon
Gregory Nevins representing Robert Treutel
Gregory Nevins representing Saverio Monteleone
Gregory Nevins representing Sean Gaboya
Gregory Nevins representing Thomas Fast
Gregory Nevins representing Thomas Hayes
LaShawn Terry representing City of Atlanta
LaShawn Terry representing Bennie E. Bridges
LaShawn Terry representing Brandon Jackson
LaShawn Terry representing Cayenne Mayes
LaShawn Terry representing Cedric F. Smith
LaShawn Terry representing Christipher Dowd
LaShawn Terry representing Craig Condon
LaShawn Terry representing Darnell Perry
LaShawn Terry representing Debra A. Williams
LaShawn Terry representing Dimitri Jaques
LaShawn Terry representing Dimitrio O. Caldwell
LaShawn Terry representing Dion Meridith
LaShawn Terry representing Edward Rabb
LaShawn Terry representing George Turner
LaShawn Terry representing Gregory D. Dabney
LaShawn Terry representing Herman E. Glass
LaShawn Terry representing James Menzoian
LaShawn Terry representing Jared G. Watkins
LaShawn Terry representing Jeremy D. Edwards
LaShawn Terry representing John H. Brock
LaShawn Terry representing Kelleita Thurman
LaShawn Terry representing Kelly Collier
LaShawn Terry representing Marlon O. Noble
LaShawn Terry representing Melonie Mague
LaShawn Terry representing Richard Pennington
LaShawn Terry representing Robert C. Godwin
LaShawn Terry representing Ronald J. Walker
LaShawn Terry representing Scott Pautsch
LaShawn Terry representing Scott Perry
LaShawn Terry representing Stalone Davis
LaShawn Terry representing Stephanie Upton
LaShawn Terry representing Timothy McClain
LaShawn Terry representing Tyrone Taylor
LaShawn Terry representing Vicente Marcano

|  |  |
|---|---|
|  | LaShawn Terry representing William Porter |
|  | LaShawn Terry representing William Walters |
|  | LaShawn Terry representing Willie Adams |
| PROCEEDING CATEGORY: | Motion Hearing(Motion Hearing Non-evidentiary); |
| MINUTE TEXT: | Argument on motion for contempt. Defendants acknowledged that they were deficient in some areas and they would be retraining officers. Court ordered City to provide all training within 90 days; City must let all officers know that they must wear their name tag while on duty. Parties to prepare consent order for consideration by the Court. Court further orders that the City compile a spreadsheet to ascertain whether they are dealing with discipline issues within 180 days. Court directed the City to let Defendants monitor police training for a period of six years; directed parties to include all of this in proposed order. Written order forthcoming. Plaintiff's motion for post-judgment discovery is granted. |
| HEARING STATUS: | Hearing Concluded |

CM/ECF-GA Northern District Court　　　　　　　　　　　　　https://ecf.gand.circ11.dcn/cgi-bin/GANDc_mkmin.pl?10768407209336...

Case 1:13-cv-03251-RWS   Document 103   Filed 05/11/15   Page 15 of 20
Case 1:11-cv-03398-SCJ   Document 23   Filed 04/30/15   Page 1 of 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## 1:11-cv-03398-SCJ
## Anderson v. City of Atlanta et al
## Honorable Steve C Jones

Minute Sheet for proceedings held In Open Court on 04/30/2015.

TIME COURT COMMENCED: 2:00 P.M.
TIME COURT CONCLUDED: 2:35 P.M.　　COURT REPORTER: David Ritchie
TIME IN COURT: 00:35　　　　　　　　DEPUTY CLERK: Pamela Wright
OFFICE LOCATION: Atlanta

| | |
|---|---|
| ATTORNEY(S) PRESENT: | Tamara Baines representing City of Atlanta<br>Tamara Baines representing Jeffrey A. Branum<br>Robert Godfrey representing City of Atlanta<br>Robert Godfrey representing Jeffrey A. Branum<br>Daniel Grossman representing Felicia Anderson<br>LaShawn Terry representing City of Atlanta<br>LaShawn Terry representing Jeffrey A. Branum<br>Albert Wan representing Felicia Anderson<br>Gerald Weber representing Felicia Anderson |
| PROCEEDING CATEGORY: | Motion Hearing(Motion Hearing Non-evidentiary); |
| MOTIONS RULED ON: | [17]Motion for Contempt TAKEN UNDER ADVISEMENT |
| MINUTE TEXT: | Hearing held on Plaintiff's motion for contempt (doc. no. 17). The Court heard oral argument and took the matter under advisement. The Court directed counsel for Plaintiff to submit a proposed order and affidavit regarding attorneys' fees on or before Monday, May 4th. |
| HEARING STATUS: | Hearing Concluded |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FELICIA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 11-CV-3398-SCJ |
| vs. | ) | |
| | ) | |
| CITY OF ATLANTA, at al., | ) | |
| | ) | |
| Defendants. | ) | |

### [PROPOSED] ORDER

Before the Court is Plaintiff's Motion for Contempt Sanctions Against Defendant City of Atlanta. The matter has been fully briefed and this Court held a hearing on Plaintiff's motion on April 30, 2015. Having considered the parties' arguments and the evidence that has been presented to the Court, the Court hereby GRANTS Plaintiff's Motion for Contempt Sanctions Against Defendant City of Atlanta.

The Court finds that Plaintiff has established by clear and convincing evidence that the City of Atlanta has failed to comply with the Order entered by this Court on March 22, 2012. The Court further finds that the City has failed to establish that its failure to comply was legally excusable, and the Court notes that counsel for the City conceded at the hearing that the City was, in fact, in violation of the Court's Consent Order.

Exhibit "A" to Plaintiff's
Notice of Filing (D.E. 25)

1

Finally, the Court finds that contempt sanctions against the City of Atlanta are appropriate. The Court, therefore, incorporates its prior order of March 22, 2012 and also ORDERS the following:

(1) Within 7 days of the entry of this Order the City of Atlanta shall require the Chief of the Atlanta Police Department to issue a Command Memorandum to each sworn employee of the Atlanta Police Department attaching a copy of the March 22, 2012 Order of this Court and requiring each sworn employee to read the March 22, 2012 Order and sign a statement verifying that he or she has received and read the Order. The City of Atlanta shall provide the Court and the Plaintiff with a sworn statement attesting that this has been accomplished.

(2) Within 45 days of the entry of this Order the City of Atlanta shall require the Atlanta Police Department to produce a training video in which IT certified police academy instructors act out multiple scenarios that officers may encounter with regard to the issues addressed in the March 22, 2012 Order, and providing instruction and guidance on the appropriate actions to be taken by officers. The training video must be approved by the APD Command Staff, the City of Atlanta Law Department, Plaintiff's counsel, and a

designee of IBPO Local 623 (Atlanta Police Union). The City of Atlanta shall require all sworn Atlanta police officers and all Atlanta Police Academy recruits to view the video within 45 days after it is created, in person and in the presence of a supervisor (instructor) who will document the officers' (recruits') attendance and satisfactory completion of the training. The City of Atlanta shall provide the Court and the Plaintiff with a sworn statement from an officer with the Atlanta Police Department stating, at a minimum, the dates and locations at which the video was viewed and the names and ranks of all the officers who took part in each viewing, as recorded by a supervisor or instructor.

(3)  In person, verified viewing of this training video every two years shall satisfy the recurrent training requirement of the March 22, 2012 Order. Once created, the video shall not be edited, modified, or changed without the approval of the APD Command Staff, the City of Atlanta Law Department, Plaintiff's counsel, and a designee of IBPO Local 623 (Atlanta Police Union).

(4)  The City of Atlanta shall, within five days, report to the Court and Plaintiff any revision it makes to (a) the Standard Operating Procedures that are the subject of the Court's March 22, 2012

Order and (b) any Standard Operating Procedures of the Atlanta Police Department concerning the subjects of the Court's March 22, 2012 Order.

(5) The City of Atlanta is directed to comply with any reasonable request made by Plaintiff's counsel which seeks information as to the City's compliance with the Court's orders. The City of Atlanta shall also provide Plaintiff's counsel with copies of all complaints, investigations, and dispositions of all Complaints regarding the SOPs addressed by this Order within ten (10) days of the disposition of said complaint, or within thirty (30) days of the filing of a Complaint (whichever is earlier).

(6) The City of Atlanta shall reimburse Plaintiff's counsel for any reasonable fees and costs they expend in ensuring compliance with the Court's Order, including but not limited to counsel's involvement in the tasks described above. The City of Atlanta may pay these sums directly to Plaintiff's counsel upon receipt of itemized accounting of reasonable time and expenses, or submit Plaintiff's accounting to the Court if the City believes any accounting to be unreasonable. This provision shall expire seven years following the entry of this Order unless it is renewed by this

Court, either *sua sponte* or following an application by Plaintiff's counsel.

(7) The City shall reimburse Plaintiff's attorneys for the fees and costs they have incurred in bringing this contempt proceeding. For Attorney Gerald Weber, that amount is $23,400.00; for Dan Grossman, it is $24,960.00; for Albert Wan, it is $10,850.50; and for Clayton Adams, it is $920.00.[1]

IT IS SO ORDERED this ___ day of _____, 2015.

Steve C. Jones
United States District Judge

---

[1] While attoreys' fees and expenses are generally allowed as contempt sanctions, *see Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991), reasonable post-judgment monitoring fees are also fully recoverable under 42 U.S.C. § 1988. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986); *Mills v. Freeman*, 11 F.3d 727, 734 (11th Cir. 1997) ("We have previously granted attorney's fees for post-judgment monitoring in civil rights cases"); *Miller v. Carson*, 628 F.2d 346, 348-49 (5th Cir. 1980).