**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DR. JAY BERGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-3251-RWS |
| DORN M. LAWRENCE, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## <u>ORDER</u>

This case is before the Court for consideration of Plaintiff's Motion to

Add Party Defendant [97], Plaintiff's Motion for Leave to Conduct Discovery

Concerning the Liability of the City of Atlanta [98], Plaintiff's Request for a

Deferred Ruling [103], and Plaintiff's Request for Judicial Notice [105]. After

reviewing the record, the Court enters the following Order.

As an initial matter, Plaintiff's Request for a Deferred Ruling [103] is

**DENIED**. Plaintiff requested that the Court defer ruling until completion of

contempt proceedings in *Anderson v. City of Atlanta*, Civil Action No. 1:11-

CV-3398-SCJ ("*Anderson*") and *Calhoun v. City of Atlanta*, Civil Action No.

1:09-CV-3286-TCB ("*Calhoun*"). However, Plaintiff has since submitted a

Request for Judicial Notice [105] that contempt orders were entered in *Anderson* and *Calhoun*, which Request is **GRANTED**. The contempt orders having been entered, there is no reason to defer a ruling.

In his Motion to Add Party Defendant [97], Plaintiff seeks to add the City of Atlanta as a party defendant, and in his Motion for Leave to Conduct Discovery [98], Plaintiff seeks leave to conduct discovery regarding the accuracy of information provided in the present case about the training provided to Defendant Lawrence. The filing of these motions was prompted by the disclosure in the *Anderson* and *Calhoun* cases that the City of Atlanta had failed to provide training to officers as required by consent orders previously entered in those cases.

In *Calhoun*, the Court ordered in December 2010 that the City of Atlanta amend provisions in its Standard Operating Procedures ("SOP"), including those governing a "Stop and Frisk" procedure that violated the Fourth Amendment. (SOP 3065.) The Court also ordered the City to conduct training for officers on the changes to the SOP and on the law regarding detentions, arrests, frisks, and searches. The City conducted the initial training in 2011, but failed to provide the recurrent training that the order required be conducted

2

every two years thereafter. The incident in issue in the present case (the "Berger incident") occurred on August 26, 2012. A motion for contempt was filed against the City of Atlanta in the *Calhoun* case on March 17, 2015, alleging numerous violations of the Court's order, including failure to conduct the recurrent training and changing the SOP back to its previous form that violated the Fourth Amendment. On May 19,2015, the Court found the City had violated the Court's order as alleged and imposed appropriate sanctions.

In *Anderson*, the Court ordered in March 2012 that the City of Atlanta revise the SOP so as protect the public's right to record police activity. The Court also ordered the City to conduct mandatory in-person training with officers regarding the revised SOP every two years, concurrent with the training required by the order in *Calhoun*. On February 17, 2015, a motion for contempt was filed in *Anderson* asserting that the City never amended the SOP as required by the order nor conducted the required training. On May 13, 2015, the Court found that the City had violated the Court's order as alleged and imposed appropriate sanctions.

In the present case, discovery has been completed, motions for summary judgment have been filed and ruled upon, the parties have engaged in

3

AO 72A
(Rev.8/82)

mediation on more than one occasion, and the case is ready for trial. The grounds offered by Plaintiff for adding the City of Atlanta as a party defendant at this stage of the case are not sufficient. First, Plaintiff has conducted thorough discovery regarding the actual training of Defendant Lawrence. Second, the issues in the contempt proceedings against the City of Atlanta in *Calhoun* and *Anderson* are not directly relevant to the issues in the present case. Arguably, the required training in *Calhoun* on the law regarding detentions and arrests might be relevant to the present case. But, the required training that preceded the Berger incident took place in 2011. The next required training, which did not occur, was not scheduled to occur until after the Berger incident. Any connection between the *Calhoun* and *Anderson* cases and the present case is tenuous at best. The contemptuous conduct in those cases does not provide new evidence that warrants adding the City of Atlanta as a party defendant at this late stage in the proceedings in this case.

Based on the foregoing, the Court concludes that Plaintiff's Motion to Add Party Defendant [97] is due to be **DENIED**, and accordingly, Plaintiff's Motion for Leave to Conduct Discovery Concerning the Liability of the City of Atlanta [98] is also **DENIED**. Plaintiff's Request for a Deferred Ruling [103] is

4

**DENIED**, and Plaintiff's Request for Judicial Notice [105] is **GRANTED**.

The parties shall file a proposed consolidated pretrial order within 30 days of the entry of this Order.

**SO ORDERED**, this 3rd day of June, 2015.

_____
**RICHARD W. STORY**
United States District Judge

5