UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. JAY BERGER, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:13-CV-3251-RWS |
| DORN M. LAWRENCE, | |
| Defendant. | |

## PLAINTIFF'S SECOND MOTION IN LIMINE[1]

COMES NOW the Plaintiff, before commencement of the Pretrial Conference, and respectfully moves that counsel for the Defendant, and through such counsel any and all defense witnesses, be instructed to refrain from making any mention or interrogation, argument, or statement, directly or indirectly, in any manner whatsoever, of any of the matters set forth herein. Permitting interrogation of witnesses, comments to jurors or prospective jurors, statement or argument to such jurors, or offers of evidence concerning these matters will prejudice the jury or be fundamentally unfair to the Plaintiff.

---

[1] Plaintiff reserves the right to submit additional issues for the Court's consideration in the form of a Motion in Limine.

Plaintiff respectfully moves this Court for an Order granting the following designated motions in limine, and show the Court as follows:

**10.[2]  Defendant Is Not Allowed to Solicit Expert Witness Testimony from Witnesses Who Have Not Been Designated as an Expert Witness Under Rule 26 of the Federal Rules of Civil Procedure.**

Plaintiff moves *in limine* for an Order prohibiting Defendant Lawrence from introducing testimony in the nature of expert witness testimony from any witness not identified and qualified as an expert witness.  Defendant has not designated any expert witnesses of any kind pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.  This Motion is intended to include, in general, the individuals listed on Defendant's witness list, filed as "Attachment 'F-2'" to the parties' joint pretrial order, and in particular, Michael Banja, the City of Atlanta's Police Academy trainer, who is also specified on said list.  (*See* Doc. 109-7.)

Plaintiff expects that Defendant will seek to elicit testimony from one or another of the police officer witnesses that will amount to nothing more than thinly cloaked expert testimony.  This is especially true for Michael Banja who, although he may be an administrator and trainer at the police academy, has no business being asked questions by the Defendant's counsel that call for expert

---

[2]Plaintiff's First Motion in Limine presented nine separately numbered requests.

police testimony – such as addressing prevailing professional or national standards with respect to the use of force; addressing how a reasonable or reasonably well trained police officer is expected to respond to circumstances in the field of operations; such as applying existing professional and national standards of policing in the areas of a) use of force, and, b) responses to provocative language, to the facts and circumstances of this case.

It is well-established that any party who wishes to present the testimony of an expert witness at trial must adhere to the mandatory disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. This includes the disclosure of (a) the identity or identities of any potential expert witnesses and, ordinarily, (b) a written report prepared by the expert witness. *See* Fed. R. Civ. P. 26(a)(2)(A), (B). These disclosure requirements are "intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses". *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008).

Rule 37(c)(1) of the Federal Rules of Civil Procedure prohibits a party from introducing the testimony of an expert witness when that party fails to comply with the mandatory disclosure requirements of Rule 26(a)(1) except where such a failure is "substantially justified" or "harmless". Fed. R. Civ. P. 37(c)(1).

Defendant cannot show that either exception applies here. At no point during the litigation of this matter has defendant disclosed that he will be introducing expert testimony from any of his witnesses. Defendant has had ample notice that Plaintiff intended to introduce the testimony of several expert witnesses at trial. These witnesses include Dennis Waller (on the subject of police practices), Melinda Mock (on the subject of Plaintiff's future medical expenses); and Dr. Scott Gillogly). (*See* Doc. 38 [Mock], 57 [Gillogly], 63 [Waller].) Defendant did nothing to depose these expert witnesses the during the discovery period, and he cannot now, on the eve of trial, make up for his inaction by calling witnesses to counter the expert opinions to be supplied by Plaintiff's experts. This includes Michael Banja, the City of Atlanta Police Academy trainer who is listed on defendant's pretrial order witness list.

Accordingly, Plaintiff requests that this Court issue an Order prohibiting Defendant from soliciting testimony from any witness, including Banja, which would be in the nature of expert witness testimony, unless such witness has been

previously identified [and the subject of mandatory disclosures] as an expert witness.

Agreed _____   Granted _____   Denied _____   Reversed _____

**11. Defendant Must Not Be Allowed to Suggest, Argue or Prove That Any of Plaintiff's Damages Have Been or Will be Paid By Collateral Sources.**

The next issue presented is whether Defendant Lawrence will be precluded from arguing or suggesting or introducing any testimony or evidence to the effect that Plaintiff's damages, including his medical expenses, have been or will be paid by collateral sources, including private health insurance.

Eleventh Circuit and Georgia law prohibit the introduction of evidence regarding the availability to a litigant of collateral source income for payment of damages. As the Eleventh Circuit has observed:

> The existence of a collateral source of revenue to pay a judgment generally is excluded from evidence on two grounds. First, it simply has no bearing on the fault of a defendant. See 10 J. Moore, Moore's Federal Practice § 411.03. But more significantly, the absence or presence of a collateral source may induce a jury to decide a case on improper grounds. Advisory Committee's Note to Fed.R.Evid. 411.

*Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982).

Georgia courts are of a similar view. As the Supreme Court of Georgia has put it:

> Our courts have consistently held that neither the wealth of the plaintiff nor the defendant is relevant.  Because of its irrelevance and prejudicial value, our courts have … held that a litigant's insurance policy is not only inadmissible, it can be the ground for a mistrial.  Such evidence is highly prejudicial and it can influence the entire case, no matter which side attempts to introduce it.

*Denton v. Conway Southern Express, Inc.,* 261 Ga. 41, 42-43 (1991).  See also *Warren v. Ballard*, 266 Ga. 408, 409-10 (1996) (extending collateral source rule to prohibit introduce of collateral source evidence for impeachment purposes where witness testifies that he has anxiety over payment of medical bills); *Luke v. Suber*, 217 Ga. App. 84, 85-87 (1995) (reversing judgment in tort case because trial court erred in allowing evidence of plaintiff's medical insurance coverage).

For these reasons, this Court should enter an order prohibiting Defendant and his attorneys and agents from arguing or suggesting or introducing any evidence for any purpose (substantive or impeaching) that pertains to the existence of collateral source income, including private health insurance, that may be available to Plaintiff to pay the damages he has incurred (and will continue to incur) in this matter.

Agreed _____     Granted _____     Denied _____     Reversed _____

### 12. Comparative Fault: Defendant Precluded from Arguing Either Contributory nor Comparative Fault

The next issue presented is whether Defendant Lawrence will be permitted to argue, to intimate or to introduce evidence on the issue of contributory or comparative fault.

Comparative fault is not a defense to a Section 1983 action. *Quezada v. County of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991)(comparative negligence does not apply to damages for federal constitutional rights violations pursuant to §1983), overruled on other grounds by *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001).  Damages for a civil rights violation are not reduced for comparative fault. *City v. Hartford Fire Insurance Company*, 162 F.3d 576 (10th Cir. 1998) ("a comparative fault defense was not available for the §§ 1983 claim"); *Clappier v. Flynn*, 605 F.2d 519 (10th Cir. 1979) (a Section 1983 claim does not allow the use of comparative fault); *McHugh v. Olympia Entertainment, 37 Fed. Appx. 730 (6th Cir. 2002); Haber v. Nassau County*, 557 F.2d 322 (2nd Cir. 1977); *Grimes v. Smith*, 585 F.Supp. 1084 (D.C. Ind.1984).

Federal Courts have rejected the application of contributory or comparative negligence to § 1983 litigation.  See, e.g., *Hays v. Jefferson County, Ky.*, 668 F.2d 869 )6th Cir. 1982)(trial court did not err in refusing to give contributory

negligence instruction in case involving intentional use of force by the police); *Whirl v. Kern*, 407 F.2d 781 (5th Cir. 1968)(instruction on contributory negligence erroneous).

The same rule applies with respect to Plaintiff's state law based claims of false imprisonment and abuse in being arrested. Each of these claims are based on Georgia state law principles. Each of these two claims constitute allegations of intentional tortious misconduct. Georgia law does not permit a defendant to pursue an affirmative defense founded on comparative negligence when the tort is intentional. *Flanagan v. Riverside Military Academy*, 218 Ga. App. 123 (1995)[3]

Defendant Lawrence must not be permitted to argue, to intimate or to introduce evidence asserting as an affirmative defense that Dr. Berger engaged in conduct upon which a jury may conclude that Berger's actions constituted contributory or comparative fault.

Agreed _____    Granted _____    Denied _____    Reversed _____

---

[3] "The principle of comparative negligence cannot be applied to bar a claim premised on an intentional tort. See *Terrell v. Hester*, 182 Ga. App. 160 (355 S.E.2d 97) (1987). Neither can the principle of contributory negligence. See *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 111 (2) (387 S.E.2d 144) (1989)." *Flanagan v. Riverside Military Acad.*, 218 Ga. App. 123, 126 (1995).

**13. Defendant is Not Allowed to Make any Reference to Settlement or Mediation Related Matters**

Plaintiff moves *in limine* for an Order prohibiting Defendant Lawrence from arguing or introducing any testimony or evidence relating to any statements, exhibits or offers made or prepared by either party in furtherance of settlement negotiations, or the fact that any such negotiations took place, including the participation of the parties in confidential court-facilitated mediation sessions.

It is well established that such evidence is inadmissible under Rule 408 of the Federal Rules of Evidence, which provides in pertinent part:

> (a) Prohibited Uses. Evidence of the following is ***not admissible*** — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a) (emphasis added).

"This rule is designed to encourage settlements by fostering free and full discussion of the issues." *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981) (Tuttle, J.). This policy rationale is implicated regardless of "whether

settlement negotiations are done under the auspices of the court or informally between the parties." *Goodyear Tire & Rubber v. Chiles Power Supply*, 332 F.3d 976, 980 (6th Cir. 2003).

Moreover, evidence of settlement offers "is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions." *McInnis v. AMF, Inc.*, 765 F.2d 240, 247 (1st Cir. 1985).

Accordingly, Plaintiff requests that the Court issue an Order prohibiting Defendant Lawrence from arguing or introducing any testimony or evidence relating to any statements, exhibits or offers made or prepared by either party in furtherance of settlement negotiations, or the fact that any such negotiations took place, including the participation of the parties in confidential court-facilitated mediation sessions.

Agreed _____        Granted _____        Denied _____        Reversed _____

**CONCLUSION**

For all the above reasons, these Motions in Limine should be granted.

Respectfully submitted,

                                        S/ G. BRIAN SPEARS
                                        Bar No. 670112
                                        Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128
Email: bspears@mindspring.com

                                        S/ ALBERT WAN
                                        Bar No. 324224
                                        Attorney for Plaintiff

215 Church Street
Suite 110
Decatur, Georgia 30030
Tele: (404) 872-7760
Fax: (404) 872-7764
Email: albert@albertwanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2015, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Robert Godfrey, Esq.
Lashawn W. Terry, Esq.
Sr. Assistant City Attorney
City of Atlanta Law Department
55 Trinity Ave., Suite 5000
Atlanta, Georgia 30303

I further certify that this document in Times New Roman 14 point is in accordance with L.R. 5.1.

S/BRIAN SPEARS, ECF-Registered Attorney
Georgia Bar No. 670112
Attorney for Plaintiff
1126 Ponce de Leon Avenue
Atlanta, GA 30306
Telephone: (404) 872-7086
Email: bspears@mindspring.com